Houston & Texas Central Railway Company v. William Martin.

Decided May 4, 1899.

**Master and Servant—Assumed Risk—Obvious Danger.**

A member of a section gang engaged in unloading cross-ties from a flat car from which the standards were removed for convenience in unloading assumed the patent risk of injuries from the falling of its ties upon him in stopping the car under the direction of the foreman at points at which ties were needed, as was customary, by thrusting a piece of scantling in front of the wheels.

Appeal from Harris. Tried below before Hon. John G. Tod.

*Baker, Botts, Baker & Lovett* and *Frank Andrews,* for appellant.

*O. T. Holt,* for appellee.

WILLIAMS, Associate Justice.—For the reason that we are of the opinion that the admitted facts are such as to debar appellee from a recovery, and therefore to require the reversal of the judgment, we have found it unnecessary to critically examine many of the assignments based upon the rulings of the court.

The rulings, apart from the assumption involved in some of them that there was evidence to justify a verdict for plaintiff, seem to be substantially correct.

Appellee was one of a section gang under the supervision and control of a foreman, who were engaged in unloading cross-ties from a flat car upon appellant's switch track at Carmine, and was hurt by some of the ties from the car falling upon him. The switch track was defective, and the car upon which the ties were loaded had been left upon the siding in order that they might be distributed along it to be used in repairing it. There being no engine, the car was moved by use of pinch bars inserted between the rails and rear wheels and used as levers, and was stopped by thrusting a piece of scantling about three by four inches thick and about five feet long in front of the wheels. The foreman walked in front or along with the car and indicated the points at which ties were needed and stops were to be made, and appellee was directed by him to stop the car in the manner indicated. The stop had been once affected by the foreman himself, and once or twice by appellee before the accident occurred. At the point of accident the car moved slightly down grade along a curve, the rail nearest appellee being inside the curve and therefore lower than the other, and the cars thus moved somewhat faster than before and careened towards appellee. Appellee placed the end of the timber upon the rail, standing beside it and holding it in front of him, and when the wheel struck it, the end held by him flew back and threw him down, and the first wheel passing over the timber, the jolt caused the ties to fall off the car and upon appellee. There is no evidence that the car was improperly loaded. Before the movement of it began the standards, by which the ties were confined, had been removed for convenience in unloading, appellee knowing this and assisting in the removal. The timber used in stopping the car was one of the standards, and its character was as open to appellee's view as to that of the foreman. This method of moving and stopping cars was often adopted by section men in doing such work, and appellee was familiar with it as with the other duties of his position. No particular instrument was generally used, but only such as could be conveniently found to check the movement of cars.

The track was defective, but the evidence shows that the accident was caused by the jolt attending the passing of the wheel over the stick, and not by a defective track.

The brake upon the car also was defective, and appellee says he did not

know this. But he did know that the brake was not being used or relied on, and that the car was to be stopped by the means described; and that, when this was resorted to, brakes were not employed.

The foreman only assigned appellee to perform this work and indicated where the car should be stopped, but did not direct or determine when or how the stick should be interposed, nor otherwise influence appellee's action. Every fact and condition existing and affecting the risk were as open to appellee's observation as to that of the foreman.

Appellee was between 20 and 21 years of age. He had been engaged as a section hand for more than two years, with his father's consent, and admits that he was a good section hand and familiar with the duties of the employment. The work of handling cars as this was handled was familiar to him. He had previously seen a tie fall from a car and strike a section hand. He had also been cautioned by the foreman to be careful and avoid getting himself hurt.

There is no ground whatever upon which the judgment can be sustained. The risk incurred seems clearly to have been one of those known to appellee to be incident to this particular service, and was therefore assumed by him. But if not, it was open and patent; was in fact one which arose from the operation of the plainest natural laws. The facts affecting the risk were all known to him as well as to anyone else. He did not realize or foresee the danger, but it was one which, with his knowledge of the facts, he was required to foresee as well as another. It arose from conditions open to his observation. Railway v. French, 86 Texas, 96; Railway v. Lempe, 54 Texas, 22.

The character of the instrument, the defects of the track, and the absence of the brake can none of them, or all of them, constitute ground for recovery under the facts stated.

For the same reason, the fact that he acted under the foreman's direction or orders can not avail him. There was no fact affecting the danger known to the foreman which was not also known to him. Railway v. Bradford, 66 Texas, 734; Railway v. Drew, 59 Texas, 10.

Since there are no facts upon which the cause should be submitted to a jury, it is proper that the judgment should be reversed and judgment be here rendered for appellant. Railway v. Strycharski, 37 S. W. Rep., 415.

*Reversed and rendered.*

Writ of error refused.