F. H. REYNOLDS V. INTERNATIONAL & GREAT NORTHERN RAILWAY COMPANY.

Decided February 11, 1905.

**1.—Evidence—Relevancy—Absence of Witness.**

Where it was clearly made to appear that the testimony of a certain person would have been material in the case, it was not error for the trial court to exclude evidence offered to show that an effort had been made to take his deposition, the evidence so offered consisting of the interrogatories propounded and the certificate of the notary that the witness had refused to make and sign the answers.

**2.—Same—Presumption.**

Where a witness is equally available to both parties to a litigation, no presumption whatever is to be drawn from a failure to call the witness.

**3.—Same—Immateriality—Corroboration.**

The fact that there is a conflict between the witnesses as to an immaterial matter does not authorize corroborating proof in relation to such matter.

**4.—Same.**

Where plaintiff had made a written statement of his injuries to the railway company variant from his testimony at the trial, and had, while on the stand, explained the discrepancies to the jury, it was not error to exclude evidence that he "had interviewed the officials of the company and explained to them the true circumstances under which his written statement was made."

Appeal from the District Court of Tarrant. Tried below before Hon. Irby Dunklin.

*Ledgerwood & Kassel,* for appellant.—"1. The court erred in refusing to permit plaintiff to introduce in evidence the interrogatories propounded by him to Silas Boozer and the commission attached thereto, together with the certificate of the notary public accompanying said commission and interrogatories, in order to show that plaintiff had made effort to secure the testimony of said Boozer and that said Boozer had declined to answer said interrogatories, as appears from plaintiff's bill of exceptions No. 1 in this behalf." Rev. Stats., arts. 3511, 2280, 2283; Wigmore's Greenleaf on Evidence, sec. 498; Darby v. Roberts, 22 S. W. Rep., 529; Railway v. Duncan, 31 S. W. Rep., 562.

"2. The court erred in refusing to permit plaintiff on redirect examination to testify that before said suit was instituted he made a journey to Palestine and interviewed the officials of the defendant company and explained to them the true circumstances under which his written statement was made, defendant's attorney in his cross-examination of plaintiff having left the impression on the jury that plaintiff's failure to accurately describe the circumstances of the accident in said statement had misled the defendant company to its injury, as shown by plaintiff's bill of exceptions No. 3." Hoxie v. Silliman, 29 S. W. Rep., 912.

*N. A. Stedman* and *Spoonts & Thompson,* for appellee.—1. It was not proper for appellant to prove in any manner that he had made an effort and failed to take the depositions of Boozer, who was shown not to have been in the service, or under the control, of the railway company, but was simply an outsider. The notary public had the power under the law to compel the witness Boozer to answer the interrogatories, and his certificate is not admissible as an excuse or reason why he failed to discharge his duty. Railway Co. v. Shirley, 54 Texas, 148; Wofford v. Farmer, 90 Texas, 655; Railway Co. v. Green, 90 Texas, 203.

2. Where a witness makes a certain statement and same is contradicted, evidence to the effect that before he instituted suit that he undertook to explain to some official the circumstances under which his written statement was made, was a self-serving declaration, hearsay, and clearly not admissible. Insurance Co. v. Eastman, 95 Texas, 38; Vicars v. Railway Co., 11 Texas Civ. App., 591.

CONNER, CHIEF JUSTICE.—This suit was filed on the 28th day of January, 1904, in the District Court of Tarrant County, by F. H. Reynolds against the International and Great Northern Railway Company, to recover damages for personal injuries received on the 16th day of December, 1903, in two accidents; one occurring about two o'clock in the afternoon while plaintiff was engaged in holding a heater pipe with a wrench, and while so engaged having the fingers of his hand caught and bruised by the alleged negligence of the foreman, W. I. Brokaw, in turning the pipe, without warning, in such manner as to press plaintiff's fingers against an iron casting beneath the engine; the other accident occurred some two hours later while appellant was at work under another locomotive endeavoring to adjust an iron block between the sides of a spring hanger which overlapped the steel framework of the engine, this accident being charged to the negligence of the foreman in overturning a torch standing upon the frame so that the flame thereof touched and ignited a cloth wet with turpentine which had been wound about the fingers of the wounded hand resulting in a serious burn. Appellee answered by general demurrer, general denial and plea of contributory negligence and assumed risk. Trial before a jury resulted in a verdict and judgment for defendant, from which judgment this appeal is prosecuted.

It appears from the evidence that when the first accident occurred appellant was under an engine holding a pipe with a wrench about sixteen inches long, while the foreman, W. I. Brokaw, was on the outside

turning the elbow of the pipe with a wrench some four and a half or five feet in length. Appellant testified to the effect that when Brokaw turned the pipe it threw the handle of the wrench in appellant's hand up against an obstruction above, whereupon he, appellant, called to Brokaw to desist, but Brokaw failed to do so, and his hand was badly mashed. Brokaw, on the other hand, testified with reference to the first accident to the effect that before beginning to turn the pipe he said to appellant: "How are you fixed?" and that appellant replied: "All right, I can hold it," that he then slightly turned the pipe but heard no warning cry. When the second accident occurred, appellant was under an engine for the purpose of fitting an iron block between the sides of a spring hanger which hung over the steel frame of the engine in such manner that the two ends fell somewhat below the under edge of the frame; appellant's purpose and mission being to lift the block into such position that a bolt might be thrust through the openings in the hanger and block so that the latter might be held securely in its place. While engaged in this work, or making ready to do so, the flame of a torch came in contact with cloth saturated with turpentine that had been wrapped around appellant's hand after the first injury. Appellant testified to the effect that the torch was setting above where he was at work, and that it was in some way knocked off and down by Brokaw so as to ignite the covering on his hand, which resulted in serious burns. Brokaw, however, denied having knocked the torch down, testifying that he was several feet away at the time and denied having the iron bar with which appellant testified the light had been displaced. It further appeared that at the time of the last accident a negro employe named Silas Boozer was in the roundhouse at no great distance from the point of the accident.

The principal contention upon the submission of this cause, and as it appears in appellant's brief, for a reversal of the judgment below, is predicated upon the court's action in refusing to permit appellant to introduce in evidence certain interrogatories propounded by him to Silas Boozer, and the commission attached thereto, together with the certificate of the notary public accompanying said commission and interrogatories, in order to show that plaintiff had made effort to secure the testimony of said Boozer, and that said Boozer had declined to answer the interrogatories. The certificate of the notary was to the effect that the "witness made answer to some of the interrogatories, but refused to make answers to all and refused to sign any of said answers or swear to the same." Appellee objected to this evidence on the ground that it was irrelevant and incompetent and not the proper way to show the facts proposed.

Pretermitting the question as to whether appellant could have shown the facts sought by the certificate of the notary, we are of opinion that no reversible error was committed by the court in the particular noted. We fail to see in what way it could have been material to show that an unsuccessful effort had been made to procure Boozer's testimony. The record suggests that Boozer was in a situation where it is possible that his testimony would have been material, but the evidence by no means conclusively shows that he was. Appellant in his testimony does

not definitely locate him so as to show that the negro must have necessarily witnessed the displacing of the light, or even necessarily have heard the conversation that took place between appellant and Brokaw immediately thereafter; while Brokaw testifies that at the time he had sent the negro some short distance away for the purpose of procuring an iron bar.    The foreman also testified without dispute, that the negro at the time of the trial was, and for sometime prior thereto had been, in Shreveport, and that he had voluntarily left the employment of appellee.    The contention seems largely to be that inasmuch as there is a sharp conflict between the testimony of Brokaw and that of appellant, and that inasmuch as the action was predicated upon the negligence of Brokaw, it was in the interest of the latter to prevent the witness from testifying.    If it be conceded that the foreman entertained any such purpose, he is a mere witness and not the appellee, and there is nothing in the evidence indicating knowledge thereof on the part of any one for whose acts appellee would be responsible.    Appellant offered the evidence for no such purpose, and we think proof of a suppression of evidence on appellee's part could not be made in the manner sought. Nor can it be said that the evidence was admissible in order to rebut any inference unfavorable to appellant that might arise from the failure to take Boozer's testimony.    It has been decided in a number of cases that where a witness is equally available to both parties to a litigation that no presumption whatever is to be drawn from a failure to call the witnesses.    See Haynes v. McRae, 101 Ala. Rep., 318, 13 So. Rep., 270; Diel v. Missouri Pac. Ry. Co., 37 Mo. App., 454; Scoville v. Baldwin, 27 Conn., 316; Kenyon v. Kenyon, 88 Hun, 211, 34 N. Y. Supp., 720.

The court's charge we think not subject to the objections urged thereto in the first, second and third assignments.    We think it fairly submits the issues as alleged, and that appellant has no just cause of complaint as assigned.

Nor do we think the court erred in refusing to permit appellant to testify that Silas Boozer was present immediately after his hand was burned, when Brokaw promised appellant that his "time should go on, and that he should not loose a cent because of said injury."    True, Brokaw denied making the statement attributed to him, but the mere fact of a conflict between this witness and appellant would not authorize corroborating proof on appellant's part of circumstances otherwise immaterial.

While appellant may have made one unsuccessful effort to secure Boozer's testimony, no reason is suggested why he might not have thereafter procured it, nor even why Boozer was not compelled to testify at the time involved in the notary's certificate.    As we have seen, appellant's failure to produce the testimony of Boozer can not legally raise against him an unfavorable presumption.    If such failure give rise to an unfavorable presumption against either party it would more probably be against appellee, although even this may be deemed doubtful in view of the fact that Boozer was no longer in the employ of appellee. See Saner v. Union Oil Co., 43 La. Ann., 699, 9 So. Rep., 566.

We think the court also correctly ruled in refusing to permit appellant on redirect examination to testify that before the institution of the

suit he made a journey to Palestine and "interviewed the officials of the defendant company and explained to them the true circumstances under which his written statement was made." The reason for the proposition involved in this assignment is stated to be that "defendant's attorney in his cross-examination of plaintiff having left the impression on the jury that plaintiff's failure to accurately describe the circumstances of the accident in said statement had misled the defendant company to its injury." The record fails to show what the argument was, and the inquiry as to whether the company had been misled by the written statement made by appellant before the institution of the suit was entirely immaterial. The written statement evidently was offered for the purpose of showing that appellant had therein stated the circumstances of the accident and injuries of which he complained variant from his testimony on the trial. The contradictions, if any, do not appear to be very material, but whatever may be the proper inference in this respect, the circumstances under which appellant's written statement was made were explained by him to the jury, and he had the full benefit of the explanation.

We fail to see the relevancy of the question and answer mentioned in the seventh assignment of error, and finding no reversible error presented by the assignments, and that there is evidence to support the finding of the jury in appellee's favor, it is ordered that the judgment be affirmed.

*Affirmed.*

Writ of error refused.