Texas & Pacific Railway Company v. W. J. Flowers.

Decided June 29, 1907.

**Contributory Negligence—Obvious Danger.**

Plaintiff was injured while unloading lumber from a box car. The uncontroverted evidence showed that plaintiff withdrew the lumber from the car in such a way as to allow the unsupported lumber to fall and injure him. The danger was obvious. Held, that defendant was not liable.

Appeal from the District Court of Denton County. Tried below before Hon. D. E. Barrett.

*W. L. Hall* and *Head, Dillard & Head,* for appellant.

*E. C. Smith* and *Walker & Mays,* for appellee.

SPEER, Associate Justice.—Appellee, who was a carpenter in the employ of appellant, received certain injuries while unloading lumber from one of its cars by reason of the lumber falling on him. From a judgment in appellee's favor this appeal is prosecuted.

The negligence relied on consisted in the matter of loading the lumber into an ordinary box car. The lumber appears to have been for the most part ceiling and flooring of different lengths, and was packed into the south end of the car in such a manner as that the shorter lengths of fourteen to sixteen feet were beneath and on each side of the greater lengths of twenty or twenty-two feet, so that when

the shorter pieces were withdrawn from the sides of the car, thus removing the lateral support of the longer boards, they fell upon appellee and injured him. The evidence indicates without dispute that the car was loaded in the usual manner and in such way as that the boards first required for use by appellee and his fellow-workmen in the erection of a section house could be removed from the car first. There was no concealed danger, appellee and all the witnesses testifying that the projection of the long lumber beyond the short was plainly to be seen upon entering the side doors of the car through which the lumber had to be unloaded. Neither appellee nor any other witness was able to give any reason why the lumber fell, save that the withdrawal of the boards from the east side of the car left the remainder without any support. These facts failed to show negligence and did not authorize the submission of the case to the jury. Appellant could not reasonably have anticipated that appellee would withdraw the boards from the car in such a way as to allow the unsupported lumber to fall upon and injure him. Appellant's assignments duly present the proposition that there was error in submitting to the jury the question of negligence in loading the lumber into the car. The judgment of the District Court is therefore reversed and here rendered for appellant.

*Reversed and rendered.*