PAYNE, Agent, v. CASTILLE. (No. 840.)*

(Court of Civil Appeals of Texas. Beaumont. July 7, 1922. Rehearing Denied Oct. 11, 1922.)

1. Negligence ⊚⟹134(2)—Cause of injury may be shown by circumstances.

The cause of injuries may be shown by circumstantial evidence.

2. Master and servant ⊚⟹276(8)—Circumstantial evidence held to show co-worker's negligence caused injury to car repairer.

Circumstantial evidence held sufficient to show that the negligence of co-worker was the cause of injury to a car repairer, hurt by falling lumber.

3. Evidence ⊚⟹77(1)—Evidence of accident, together with failure to call available witness, held to justify finding as to cause of accident.

In an action for injury to a servant from fall of lumber which he and co-worker had piled in a car they were repairing, evidence excluding any cause other than co-worker's contact with the lumber to cause it to fall, and the fact that he was not called to testify, with no explanation of failure to call him, warranted finding that his negligence was the cause of the lumber falling.

4. Master and servant ⊚⟹217(1)—Assumed risk based on knowledge.

The doctrine of assumed risk is based on presumption that a danger incident to employment exists to servant's knowledge, or is so patent that he must be charged with knowledge thereof.

5. Master and servant ⊚⟹265(13)—Burden on master to show servant assumed risk.

The burden is on the master to show that a servant, injured by the negligence of a co-worker, assumed the risk of the employment.

6. Master and servant ⊚⟹280—Finding risk was not obvious sustained.

On issue of assumption of risk by a car repairer, injured by falling lumber, evidence held sufficient to justify the jury's conclusion that the danger was not open and obvious to him.

7. Master and servant ⊚⟹204(3)—Risk of fellow servant's negligence not assumed under federal law.

A servant engaged in interstate commerce, and therefore within the federal law, does not assume the risk of a fellow servant's negligence.

8. Trial ⊚⟹261—No error where instruction was correct as far as it went, and requested supplementary instruction was incorrect.

There was no error in the giving and refusal of instructions, where the one given was correct as far as it went, and the refused supplementary instruction was incorrect.

9. Master and servant ⊚⟹295(4)—Instruction on assumed risk held correct as far as it went.

An instruction that plaintiff, a car repairer engaged in interstate commerce, assumed the risk of dangers ordinarily incident to the employment, and, if he was injured by reason of such risk, he cannot recover, and if plaintiff and his co-worker undertook to perform the duties imposed on them, and the method of performance chosen by them was pursued and injury resulted proximately from the mode, plaintiff assumed the risk ordinarily incident to such mode, held correct as far as it went.

10. Trial ⊚⟹194(19)—Instruction on assumed risk held on the weight of the evidence.

An instruction on assumption of risk by a servant, injured by a fall of a lumber pile, containing the statement "that in some manner, which is unexplained in the evidence, the lumber fell," was improper, as on the weight of the evidence, where right to recover rested on proving that the lumber was caused to fall by the negligent act of a co-worker, and plaintiff had shown circumstances tending to prove such cause.

Appeal from District Court, Harris County; Ewing Boyd, Judge.

Action by Alibe Castille against John Barton Payne, agent. From judgment for plaintiff, defendant appeals. Affirmed.

Garrison, Pollard & Berry, of Houston, for appellant.

S. P. Jones, of Marshall, for appellee.

O'QUINN, J. Suit by appellee against appellant for damages for personal injuries received by him while in the employ of appellant at Lafayette, La. Appellee alleged that he was a car repairer at said place, and that he and another workman were directed by the person under whose supervision they worked to remove some broken draft bolts and replace them with new ones in a bad order car loaded with lumber; that the custom was in doing this kind of work to restack the lumber so as to reach the bottom of the car to remove the bolts without unloading the lumber; that while they were engaged in shifting the lumber, the workmen assisting him negligently struck or came in contact with the lumber on one side of the trough or opening which had been partially made, or negligently pulled a piece of lumber from one side so as to unbalance the stack of lumber, causing same to tumble and fall on him, causing him personal injuries for which he sued. The appellant answered by general denial, plea of contributory negligence, and assumed risk. It was admitted that the appellee and his co-worker were engaged in interstate commerce, and that therefore the laws of Congress applied. The case

---

⊚⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error granted November 22, 1922.

was submitted to the jury on a general charge, and the jury returned a verdict in favor of appellee for $5,000.

Appellant's first proposition is:

"The appellee having predicated his suit upon the negligence of the person assisting him in the work, in striking or coming in contact with the pile of lumber, or pulling a piece of lumber from one side so as to disarrange and unbalance same and cause it to fall, or so stacking the lumber so as to cause it to fall, and the evidence failing to show, directly or indirectly, even remotely, that any such thing occurred, the court should have instructed the jury, as requested, to return a verdict for the appellants."

The effect of this contention is that the evidence was not sufficient to support the verdict, and that there was no evidence that appellee was injured by reason of negligence on the part of Webb, appellee's co-worker and servant of appellant.

It was agreed that appellee was employed in the railroad shops at Lafayette, La., as a car repairer, and had been working there for some 14 months; on December 21, 1919, he was injured by lumber falling on him; that at the time he was injured he and another fellow workman were moving some lumber in a part of the car, so as to get to the bottom of the car to remove some broken draft bolts and put in new ones; that to do this they had to move the lumber so as to get down to the bottom of the car on the inside of same about the middle of the car.

The undisputed evidence shows that appellee and one Webb, under the direction of E. C. Cain, car foreman of appellant at Lafayette, La., on December 21, 1919, were attempting to replace some broken draft bolts in a bad order stock car loaded with lumber. The car was loaded with shiplap lumber 10 inches wide, 18 to 20 feet long, dressed on four sides, and about ¾ or ⅞ of an inch in thickness, stacked in each end of the car to the height of about 5 feet, with a space of several feet open in the middle of the car; that is the lumber didn't reach the full length of the car, but left several feet of space vacant about the middle or door of the car. The top lumber, by reason of movements of the car, had slid from each end of the car toward the center, leaving it at the ends in a kind of "stair-step" formation from the top of the lumber down to near the bottom. In order to get down to the bottom of the car to get the broken draft bolts, it was necessary to move the lumber in four tiers in the center of the end of the car where the broken draft bolts were. Webb got at the end of the car and stood on these stair-step formations of the lumber, and appellee got on the floor in the middle of the car between the stacks of lumber, which, by reason of its having slid from the ends of the car towards the center, left but about 2 or 3 feet open

space at the top. In moving the lumber, Webb would pick up and shove a plank endways to appellee, and he would take the plank and place it upon the lumber in the other end of the car, turning with his back to Webb while he pushed the plank onto the lumber in the other end of the car. While he was placing a plank on the lumber in the other end of the car, Webb would be getting up another plank ready to shove to appellee when he turned around to receive same. The plank were thus taken one at a time from the four tiers in the center, making a trough down to the bottom. At the time appellee was hurt by one tier of lumber falling on him, they had gotten to within about a foot of the floor. At the time appellee was injured, he had his back to Webb, and was shoving a plank onto the lumber in the other end of the car. The car in which the lumber was being moved was not bumped into or struck by any other car or anything. Appellee did not at the time he was injured, or just before receiving the injury come in contact with the lumber that fell, or in any manner disturb same. Appellee had frequently before removed lumber in cars in this manner for the purpose of replacing broken draft bolts, and had never known the lumber to fall before this time. The car foreman, Cain, did not instruct Webb and appellee in the manner of doing the work in removing the lumber or replacing the bolts. Such defects in cars were often repaired in the yards at Lafayette, and the lumber moved in the same way, and there was no evidence to show that any lumber had ever fallen before this. Webb did not testify. No explanation of his failure to testify is found in the record.

[1-3] We do not believe appellant's proposition to be sound. While it is true that there is no direct testimony as to the cause of the lumber falling, yet the rule of law is well settled that the cause of an injury may be shown by circumstantial evidence. McCray v. Railway, 89 Tex. 168, 34 S. W. 95; Marande v. Railway, 184 U. S. 173, 193, 194, 22 Sup. Ct. 340, 46 L. Ed. 487; Railway v. McDade, 191 U. S. 64, 65, 24 Sup. Ct. 24, 48 L. Ed. 96. We think the evidence was amply sufficient to sustain the finding of the jury that appellee's injury was caused by the negligence of his co-worker, Webb. It showed that the lumber was evenly and regularly stacked; that nothing struck the car to jar the lumber; that appellee did nothing to cause the lumber to fall; that while appellee would be placing a plank on the lumber in the other end of the car, Webb was getting up another plank ready to shove to appellee when he turned around to receive same, and that appellee's back was turned toward Webb at the time the lumber fell. Webb was the only person, other than appellee, handling the lumber at the time, and

the evidence excluding any cause other than Webb's contact with the lumber to cause it to fall, and he not being placed on the stand to testify as to what he did relative thereto, and there being no explanation of why he did not testify, we think the jury were fully warranted in drawing the conclusion that his negligence was the sole cause of the lumber falling. Railway v Thompson (Tex. Civ. App.) 116 S W. 109; Railway v. Sandlin, 57 Tex. Civ. App. 151, 122 S. W. 60. It was broad lumber, 10 inches wide, stacked on hard, smooth, and level surface in a car with no disturbing movement except that of appellee and Webb moving one plank at a time. It is obvious that some act of one of those engaged in its removal caused it to fall, and as the evidence is undisputed that appellee did not do anything to cause it to fall, then Webb must have done so. Therefore, the falling of the lumber itself affords reasonable evidence, in the absence of any explanation by him, that the accident arose from some act of his to the lumber while appellee's back was to him. Washington v. Railway, 90 Tex. 314, 38 S. W. 764; McCray v Railway, 89 Tex 168, 34 S. W 95. As was said by Judge Neill in Railway v. Thompson (Tex. Civ. App:) 116 S. W 110:

"The case belongs to that class when the very nature of the accident, of itself, through the presumption it carries, supplies the requisite proof of negligence, that is, the circumstances in evidence tend to show that the accident would not have happened if due care had been exercised."

Appellant's second proposition is:

"The issue in the case is admittedly controlled by the acts of Congress, and violation of no statute affecting the safety of employees having been alleged, appellee assumed all of the ordinary risks and dangers of his employment, and extraordinary risks and dangers which he knew and appreciated or which were readily observable, whether chargeable to the negligence of the master or that of the coemployé, and as the facts in the case undisputably establish that the risks and dangers to which appellee was put was an ordinary risk and danger of his employment, and if not an ordinary risk and danger, then one readily observable and known and appreciated by him, the court should have instructed a verdict for appellant."

The contention under this proposition is that appellee, having alleged the violation of no federal statute affecting the safety of employés, assumed not only the ordinary risks of his employment, but also such extraordinary risks as he knew and appreciated, or which were readily observable to him, whether these risks were chargeable to the negligence of appellant or to the negligence of any coemployé of appellant.

[4] We do not believe that the issue of "assumed risk" was raised by the evidence. The doctrine of "assumed risk" is based up-

on the presumption that some danger incident to the employment, that is, the work to be done, exists, or a danger known to or so plainly observable to the injured party that he must be chargeable with knowledge of its existence and an appreciation thereof. The ordinary risks incident to the service are those perils of which employés have notice or which are patent and obvious to them. 18 R. C. L. 676–683, §§ 167–172.

The condition of the lumber may have appeared perfectly safe to appellee. If this is shown to be the case, his right of recovery is not defeated, because appellee did not assume a risk of which he did not know. 18 R. C. L. 683–694, §§ 172–179. In order to charge a servant with assumption of risk, he must not only know, but he must also appreciate, the dangers to which he is exposed, and one does not voluntarily assume a risk who merely knows that there is some danger, without appreciating it. 20 Cyc. 1199.

[5-7] However, when the evidence, as shown by the verdict of the jury, shows that appellee was injured through the negligence of his co-worker, Webb, the burden was then upon appellant to show that appellee assumed the risk of injury. We cannot say, under the evidence, that it was obvious to appellee that the manner of Webb in disengaging and handing the plank to appellee was negligence, and would result in injury to appellee. The witnesses and all the facts and circumstances were before the jury, whose duty it was to pass upon the testimony, and we believe the facts and circumstances were sufficient for the jury to reasonably conclude that the danger was not open and obvious to appellee. Railway v. De Atley, 241 U. S. 310, 36 Sup. Ct. 564, 60 L. Ed. 1016; Railway v. Scott (Tex. Civ. App.) 160 S. W. 432 (writ refused); Railway v. Fitts (Tex. Civ. App.) 188 S. W. 528. And, besides, it has been held that where the master is liable for the injury of the servant occasioned by the negligence of his fellow servant, there is no assumption of risk of such negligence by the injured servant. Pope v. Railway, 109 Tex. 311, 316, 207 S. W. 514; Phinney v. Railway, 122 Iowa, 488, 98 N. W. 358; Malcolm v. Fuller, 152 Mass. 160, 25 N. E. 83. Therefore, if the injury was caused by the negligence of Webb, and the jury so found, then appellee did not assume the risk of such negligence. Railway v. Behymer, 189 U. S. 470, 23 Sup. Ct. 622, 47 L. Ed. 905. As was said in King v. Railway, 143 Mo. App. 279, 127 S. W. 400:

"The risks which the servant assumes are those which are incident to his employment while the master properly discharges his duty toward him; but, when the master steps over those bounds and becomes himself chargeable with negligence, then, as to the results of that negligence, there can be no assumption of risk by the servant."

[8-10] Appellant next complains that the court failed to give a proper charge on assumed risk, so as to authorize the jury to take into consideration, not only the ordinary risks incident to the employment of appellee, but all risks, whether ordinary or extraordinary, which he knew and appreciated. On the issue of assumed risk the court charged the jury as follows:

"You are instructed that the plaintiff assumed the risk of dangers ordinarily incident to the duties of his employment, and if he was injured by reason of a risk ordinarily incident to the duties of his employment, he cannot recover, and you will find for the defendant.

"And if you believe that the plaintiff and his co-worker, Webb, undertook to perform the duties imposed upon them, and that the way and manner chosen by them to perform those duties was pursued by them, and that the injury to the plaintiff resulted directly and proximately from the way and manner in which they were undertaking to do the work, then the plaintiff assumed the risk ordinarily incident to the doing of such work in such manner."

Appellant objected to said charge, and requested that the following charge be given, to wit:

"In this case you are instructed that the evidence shows that the plaintiff and his coemployee, Webb, were instructed to repair a car loaded with lumber; that in so doing, without any instructions from anybody, they proceeded in their own way to remove four tiers of lumber from the center of the car to other parts of the car in order to reach the floor where the repair work had to be done; that in doing this they did not support the standing tiers which remained, and that in some manner, which is unexplained in the evidence, the lumber fell; now, if you believe from the evidence that in doing this work which was incident to the plaintiff's employment, there was any risk or danger which the plaintiff knew and appreciated, and that he was injured by reason of said lumber falling, then he assumed the risk of such danger, and cannot recover, and if you so believe from the evidence, you will return a verdict for the defendant"

—which was refused by the court.

We do not believe the court erred in refusing the special requested charge. Appellant could not have been prejudiced by the court's charge, as far as it went, and if appellant desired a more full and complete charge, he should have prepared and presented a correct charge. We do not believe that the requested charge was a correct statement of the law of the case, in that it would have instructed the jury that the lumber was caused to fall "in some manner unexplained by the evidence," which was tantamount to saying that the appellee had failed to make out his case, for his right to recover rested on his proving that the lumber was caused to fall by reason of some negligent act of his co-worker, Webb, and in the absence of that proof he was not entitled to judgment, and the special charge told the jury that no such negligence had been shown. The question of whether or not the falling of the lumber had been explained by the evidence was for the jury to find as a matter of fact, and the special charge would have practically withdrawn that issue from the jury. If the court's charge did not go far enough, it was an error of omission, and if the appellant wanted a more elaborate charge, it was its duty to present a correct special charge covering the point involved. Under such circumstances, if the requested charge was erroneous, the court's refusal to give same is not error. Wells Fargo & Co. v. Benjamin, 107 Tex. 331, 179 S. W. 513. Furthermore, the requested charge was upon the weight of the evidence, and therefore should have been refused.

Appellant presents other propositions, but what we have said disposes of them.

The judgment should be affirmed; and it is so ordered