DAVIS, Agent, v. CASTILE. (No. 496–3896.)

(Commission of Appeals of Texas, Section A. Jan. 30, 1924.)

1. **Negligence** ⊜⟹121(2)—**Doctrine of res ipsa loquitur inapplicable, when specific negligence alleged.**

Where specific acts of negligence are alleged as the cause of an accident, the principle of res ipsa loquitur is not applicable, and plaintiff cannot make a prima facie case without proof of such acts of negligence and that such negligence was the cause of the accident.

2. **Master and servant** ⊜⟹265(6)—**Doctrine of res ipsa loquitur inapplicable, when situation partly under management of servant.**

The doctrine of res ipsa loquitur is inapplicable, where the situation out of which an injury arises is partly under the management of the servant himself, as where lumber in a railroad car toppled over after certain tiers had been removed by plaintiff and a fellow servant.

3. **Master and servant** ⊜⟹276(8)—**Error to allow jury to conjecture as to cause of coworker's injuries.**

In an action under the federal Employers' Liability Act (U. S. Comp. St. §§ 8657–8665) for injury to a servant from fall of lumber in a car, which he and a coworker were repairing, held, that under the evidence the injury might have been the result of other causes than the fellow servant's negligence, and it was error to allow the jury to conjecture or guess as to the real cause of servant's injuries.

4. **Master and servant** ⊜⟹204(1)—**Assumption of risk defense under federal act.**

The defense of assumed risk under the federal Employers' Liability Act (U. S. Comp. St. §§ 8657–8665), except in cases of violation of some statute, is the same as it was at common law.

5. **Evidence** ⊜⟹77(5)—**Failure to call witness held not to justify unfavorable presumption.**

In an action for injury to a servant, the fact that a fellow servant was not called to testify, with no explanation of the failure to call him, did not raise a presumption that his testimony would have shown negligence on his part attributable to the master, where plaintiff had not offered proof that at least raised a

presumption of negligence, especially where no reason was shown why he was not equally available to plaintiff.

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

Action by Alibe Castile against James C. Davis, Agent. Judgment for plaintiff was affirmed by the Court of Civil Appeals (244 S. W. 222), and defendant brings error. Reversed and remanded.

Baker, Botts, Parker & Garwood and Garrison & Watson, all of Houston, for plaintiff in error.

Jones, Sexton & Jones, of Marshall, for defendant in error.

GERMAN, P. J. This suit was brought by defendant in error against the Director General of Railroads, in respect of the operation of Morgan's Louisiana & Texas Railroad & Steamship Company to recover damages for personal injury, having been filed in the district court of Harris county. A judgment for $5,000 was affirmed by the Court of Civil Appeals at Beaumont. 244 S. W. 222. James C. Davis, Agent, has been properly substituted, and will now be referred to as plaintiff in error.

At the time defendant in error was injured he was employed by the railroad company to repair a car in the yards at Lafayette, La. The car was being used in interstate commerce, and the case falls under the provisions of the federal Employers' Liability Act (U. S. Comp. St. §§ 8657–8665). There is no dispute in the evidence as to how the accident occurred and as to the surrounding circumstances at the time of its occurrence; in fact, the defendant in error alone testified as to these things.

Defendant in error, Castile, and one Webb were directed by an employé of the railroad company to repair the car by putting in new shaft bolts. The car was loaded with ship-lap lumber, about 8 or 10 inches in width. It was stacked in the ends of the car, leaving an open space of about 6 feet in the middle of the car. In being transported the lumber at the top of the stacks had shifted towards the middle of the car, so that the space between the ends of the two stacks at the top was about 2 or 3 feet, while the space at the bottom was about 6 feet. In order to reach the bottom of the car it was necessary to move a part of the lumber from one end of the car to the other. This was done by taking out 4 tiers of the lumber from one end and shoving it to the other end of the car. In doing this Castile and Webb began at the top of the stack or tiers, taking off a board or plank alternately from each of the four tiers. Webb was at the end of the car, and Castile in the middle. Webb would pick up a board, passing it to Castile, who in turn would shove or push it back to the other end of the car. They selected their own method of doing the work and the positions that they occupied in the car. The work continued this way until the 4 tiers were brought down to within about one foot of the floor of the car, leaving the lumber stacked in tiers on each side of the car to the height of 5 or 6 feet. In other words, there was a "trough" the width of 4 of the planks in the middle of the car, with tiers of lumber on each side of the trough. In handling the lumber Webb stood in this trough at the end of the car, while Castile stood near the middle of the car, but possibly within the upper part of the trough formed by the boards that had shifted to the center of the car. Just immediately before the accident Webb had picked up a plank, passing it to Castile, who took it and started to push it to the end of the car. While in the act of doing this, with his back towards Webb, the lumber stacked on the side of the trough toppled over or fell from the top of the tier, striking and breaking one of his legs. There was not a scintilla of evidence as to what Webb was doing at the time the lumber fell, or as to what caused it to fall. Castile testified that he did not know what caused it to fall. The negligence alleged by him as causing the accident was as follows:

"That the person assisting in this work negligently struck or came in contact with the lumber on one side of the trough or opening, which had been partially made by removing a part of the lumber, or negligently pulled a piece of lumber from one side of the lumber in said car so as to disarrange and unbalance the lumber on the side of the car and cause same to topple and fall upon the plaintiff or negligently stacked the lumber being removed from the trough so as to cause same to fall and inflict upon him the injuries hereinafter set out."

To sustain the verdict of the jury and the judgment of the court in this case, the defendant in error admittedly relies upon the contention that it must be inferred or presumed that Webb did something which caused the lumber to fall, and that what he did was negligent. In other words, that negligence must be inferred from the mere happening of the accident itself. Having made absolutely no proof of negligence on the part of the railroad company, but having proved the circumstances of the situation at the time, he insists that, because negligence might possibly be inferred from the fact that the accident happened, the verdict of the jury should stand. To agree to this it seems to us would be to ignore every substantial principle that has heretofore governed in negligence cases.

It has recently been well said:

"The rule is fundamental that the mere happening of an accident affords no legal grounds for a claim for damages. unless the claim can be predicated upon that class of accidents, gov-

erned by the rule of res ipsa loquitur, which per se raises a presumption of negligence." R. C. L. vol. 4, p. 1344."

There are so many reasons why the rule of res ipsa loquitur has no application in this case it seems almost unnecessary to argue the matter. That rule may be briefly stated:

"Where a thing which causes an injury is shown to be under the management of the defendant, and the occurrence is such as in the ordinary course of things does not happen if those who have the management use proper care, it may afford reasonable evidence, in the absence of explanation by the defendant, that the accident arose from want of care."

In the first place it may be said that under the decisions of the federal courts it is very doubtful if this rule applies at all as between master and servant. If it does, it is only in exceptional cases. L. R. A. 1917E, p. 70. This is not an exceptional case in the light of the authorities.

[1] Again, where specific acts of negligence are alleged as the cause of the accident, the principle of res ipsa loquitur is not applicable, and the plaintiff cannot make a prima facie case without proof of the acts of negligence alleged, and that such negligence was the proximate cause of the accident. Lone Star Brewing Co. v. Willie, 52 Tex. Civ. App. 550, 114 S. W. 186 (writ refused). Gulf Pipe Line Co. v. Brymer, 59 Tex. Civ. App. 40, 124 S. W. 1007. Smith v. Ry. Co., 239 Fed. 103, 151 C. C. A. 277.

The rule of res ipsa loquitur has no application, where the thing causing the accident was not under the exclusive management of the master, but was partially under that of the injured party. T. & P. Coal Co. v. Kowsikowsiki, 103 Tex. 173, 125 S. W. 3.

Again, where the evidence shows that the accident may have happened as the result of one of two or more causes, and it is not more reasonably probable that it was due to the negligence of the defendant than to any other cause, the rule of res ipsa loquitur does not apply. Patton v. Ry. Co., 179 U. S. 658, 21 Sup. Ct. 275, 45 L. Ed. 361. Railway Co. v. Cason, 59 Tex. Civ. App. 323, 129 S. W. 394. T. & P. Coal Co. v. Kowsikowsiki, supra.

The Supreme Court of Wisconsin has recently stated this principle in this language:

"The jury could have done no more than guess as to whether the accident was the result of careless and negligent operation of the car or of the blowout. Verdicts cannot rest upon guess or conjecture. It is the duty of the plaintiff to prove negligence affirmatively; and, while the inferences allowed by the rule or doctrine of res ipsa loquitur constitute such proof, it is only where the circumstances leave no room for a different presumption that the maxim applies. When it is shown that the accident might have happened as the result of one of two causes, the reason for the rule fails,

and cannot be invoked." Klein v. Beeten, 169 Wis. 385, 172 N. W. 736, 5 A. L. R. 1237.

[2, 3] In this case defendant in error alleged the specific acts of negligence which he claimed were the cause of his injury, as is shown by the statement from his pleadings above set out. We think it was incumbent upon him to offer some proof tending to show affirmatively the truthfulness of these allegations. Here the situation out of which the injury arose was partly at least under the management of Castile himself, and the rule of res ipsa loquitur would not apply. Besides, we think it not only probable but almost certain that the accident may have been caused by something other than a negligent act on the part of Webb. In fact, we think it appears almost conclusively that the accident resulted from the situation created by Castile himself. It is a matter of the very commonest knowledge that planks of lumber, 8 or 10 inches wide, less than an inch thick, stacked one on the other to the height of 4 or 5 feet, without brace or support of any kind, are very likely to topple over and fall by reason of their own weight. This, it seems to us, would be particularly true where some of the lumber had been shifted about, as the evidence shows was true in this instance. Besides, if the planks were as much as 10 inches wide, after taking out only 4 tiers, the opening or trough would be only about 40 inches wide. To do their work, it was necessary for these parties to stand in this space and to stoop over in order to pick up the planks, and it seems to us that it would have been almost impossible for a man to have done work of this kind in a space of that width without accidentally and unintentionally doing something that would likely cause the stacks of lumber on the side to fall. Yet Castile helped to make that very situation himself. It being apparent that the injury may have been the result of other causes than the negligence of the railroad company, it was error to leave to the jury the right to conjecture or guess as to the real cause. In addition the federal courts apply the rule of the nonliability of the master for injuries occurring as a result of dangers incident to and arising during the progress of the work being done by the servant himself. Westinghouse v. Callaghan, 155 Fed. 397, 83 C. C. A. 669, 19 L. R. A. (N. S.) 361. See, also, the case of Smith v. Coal Company, 131 Ky. 196, 114 S. W. 785, and annotation under same case in 28 L. R. A. (N. S.) 1267.

[4] By appropriate special charges the plaintiff in error sought to have submitted to the jury the question as to whether or not the defendant in error had assumed the risks incident to the work he was doing and the manner in which it was being done. The trial court refused to submit this issue. It is now settled that, in cases prosecuted

under the federal Employers' Liability Act, the defense of assumed risk, except in cases of violation of some statute, remains as it was at common law. Southern Pac. Co. v. De la Cruz (Tex. Com. App.) 228 S. W. 108; Clement v. Ry. Co. (Tex. Com. App.) 236 S. W. 714; Jacobs v. Southern R. Co., 241 U. S. 229, 36 Sup. Ct. 588, 60 L. Ed., 970; Roberts, Federal Liability of Carriers, vol. 1, p. 987, and the many cases cited. There was error in not submitting this issue.

[5] The Court of Civil Appeals sought to uphold the verdict in this case on the theory that, because the railroad company did not produce the testimony of the man Webb, it will be presumed that his testimony would have shown negligence on his part that would be attributable to the company. The error in this is due to the wrongful application of the doctrine of res ipsa loquitur. Until the plaintiff offered proof that at least raised a presumption of negligence, it was not the duty of the company to explain anything connected with the situation. Smith v. Ry. Co., supra. Besides, there was no proof showing the whereabouts of Webb, or that he was living, or in the employment of defendant, or any reason why he was not just as available to plaintiff as to defendant. The rule that when one party to a suit is in possession of facts, and it is his duty to disclose them, if he fails or refuses to do so it will be presumed that they are unfavorable to him, has no application here. T. & P. Ry. Co. v. Shoemaker, 98 Tex. 456, 84 S. W. 1049; Reynolds v. I. & G. N. Ry. Co., 38 Tex. Civ. App. 273, 85 S. W. 323.

For cases very similar to the present ones upon the facts we refer to the following: Cato v. Ry. Co. (Tex. Civ. App.) 119 S. W. 132 (writ refused); T. &. · P. Ry. Co. v. Flowers, 47 Tex. Civ. App. 206, 104 S. W. 1070; H. & T. C. Ry. Co. v. Martin, 21 Tex. Civ. App. 207, 51 S. W. 641 (writ denied); T. & N. O. Ry. Co., v. Crowder, 76 Tex. 499, 13 S. W. 381. It occurs to us that these cases establish almost conclusively that defendant in error was not entitled to recover in this action.

For an illuminating discussion of the rule of res ipsa loquitur, we refer to the cases and annotations in L. R. A. 1917E, pp. 1 to 249, wherein the application of this rule by the federal courts and the courts of all states in the Union is fully discussed, and many cases cited.

There being no evidence upon which to predicate liability in favor of defendant in error, the trial court should have instructed a verdict.

We therefore recommend that the judgment of the Court of Civil Appeals and of the district court be reversed, and the cause remanded.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.

We approve the holding of the Commission of Appeals on the question discussed in its opinion.