George R. CAIN, Appellant,

v.

Herb J. HAWTHORNE, Appellee.

No. 7622.

Court of Civil Appeals of Texas.

Amarillo.

May 16, 1966.

Rehearing Denied June 20, 1966.

Stovall & Stovall, Plainview, for appellant.

Crenshaw, Dupree & Milam, Lubbock, for appellee.

NORTHCUTT, Justice.

This is a common-law damage suit brought by George R. Cain against Herb J. Hawthorne for damages resulting when the car driven by defendant struck the plaintiff's car. Plaintiff just prior to the accident was going in an easterly direction down 7th Street in Plainview, Texas, and as he approached Ash Street the traffic light turned red and plaintiff stopped. After the plaintiff had stopped for the red light the defendant ran into the rear of plaintiff's car. Plaintiff pleaded that the defendant was negligent in failure to keep a proper lookout; in failing to apply his brakes in time to avoid striking plaintiff's car; in following plaintiff's car more closely than was reasonable and prudent; in not having his car under control; and in driving too fast.

The case was submitted to the jury upon special issues. In answer to the special issues the jury found the defendant did not fail to keep a proper lookout; that defendant failed to make timely application of his brakes but that such failure was not negligence; that defendant was not driving too fast; and that the collision in question was an unavoidable accident. Judgment was entered that the plaintiff recover nothing by his suit and that defendant recover all costs in his behalf expended. From that judgment plaintiff perfected this appeal. The parties will be referred to herein as they were in the trial court.

■ Plaintiff presents his first three points of error together. By Point 1 it is contended the court erred in refusing to grant plaintiff a new trial because the jury findings taken singularly and collectively in answer to the question as to proper lookout, failure to make timely application of his brakes and unavoidable accident were so contrary to the overwhelming weight and preponderance of the evidence as to be clearly wrong and unjust. Points 2 and 3 contend the court erred in submitting the issue as to unavoidable accident. Just prior to the accident in question the plaintiff had stopped his car as above set out in obedience to a red light signal. As defendant approached the red light he was unable to stop and slid into the rear of plaintiff's car. The undisputed record shows at the time of the accident that the weather was clear and that there was no ice on the streets at any place except at the place of the accident. The ice upon which defendant's car slid was located in the shade of a two-story building which extended the entire length of the block. Defendant testified that as he was approaching the plaintiff's car, he would estimate he was driving 10 or 12 m.p.h. and he applied his brakes when about twenty feet distance from the plaintiff's car. Because of the ice, he could not stop. The undisputed record shows that immediately after the accident here in question another car skidded on the ice and slid into the rear of defendant's car. Defendant testified he could not see there was any ice at the place of the accident, as it looked like the rest of the street. Plaintiff testified he remembered giving his deposition in the case. Plaintiff was asked: "Whenever you drove up there and was fixing to stop, you could tell, I guess, that there was ice on the street?" He answered: "No, I could not tell that." Plaintiff never denied the question was asked and that was his answer but stated he did not remember saying that. As to the findings being so against the overwhelming weight and preponderance of the evidence as to be clearly wrong and unjust, we must consider and weigh all of the evidence in the case. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660.

■ The occurrence of an accident or a collision is not of itself evidence of negligence. Rankin v. Nash-Texas Co., 129 Tex. 396, 105 S.W.2d 195; Davis v. Cas-

**92**

tile, Tex.Com.App., 257 S.W. 870; Phillips v. Citizens' Nat. Bank, Tex.Com.App., 15 S.W.2d 550.

■ The jury found the defendant failed to make timely application of his brakes under the circumstances and conditions then and there existing but that such failure was not negligence. Naturally, the defendant did not apply his brakes in time to avert the accident under the circumstances and conditions then existing but if he could not tell those conditions existed, he would not be expected to act differently than he should under normal circumstances. Under the undisputed record in this case, we do not believe the jury could have correctly found other than it did. We overrule plaintiff's first three points of error.

■ By plaintiff's fourth point of error he contends the court erred in admitting into evidence testimony of the investigating officer as to other related accidents. Then by his fifth point of error contends the court erred in permitting Mrs. Hawthorne, defendant's wife, to testify the investigating officer told her there had been several other accidents at the same place. The plaintiff called as his witness the investigating officer and asked him what he observed as he approached the street prior to the time he got to the accident. The officer answered he observed a big patch of ice. On cross-examination the officer testified he knew there had been one other accident at that very place that same day and that he had said there had been a rash of them in that very same spot and he had called the city and asked them to put salt on that ice. We believe this evidence admissible in showing why the officer observed the iced condition because he already knew the ice was there. If it should be considered error in admitting this evidence, we believe it will be harmless error, Rule 434, Texas Rules of Civil Procedure, and overrule plaintiff's fourth and fifth points of error. We have carefully considered plaintiff's assignments of error and overrule each and all of them.

Judgment of the trial court is affirmed.