Gulf, Colorado & Santa Fe Railway Company v. Carrie
Riordan et al.

No. 71.

**1. Practice in Applications for Writ of Error — Jurisdiction.—** Judgment against a railway company was rendered in the District Court for negligently causing the death of a person. On appeal, the Court of Civil Appeals reversed and remanded the case, on the ground that the facts proved did not entitle the plaintiffs to a judgment. *Held*, that in such case this court has no jurisdiction.

**2. Same—Insufficient Cause for Writ of Error.—** What the facts may be shown to be on another trial this court can have no knowledge. The petition for writ of error does not show or suggest that no proof other than that made on the former trial can be produced on another. In such state of the record it is not shown that the judgment of the Court of Civil Appeals reversing the case practically settles the case.

Application for Writ of Error to Court of Civil Appeals, Third District, in a case on appeal from the District Court of Harris County.

The plaintiffs obtained judgment in the District Court for damages against the Gulf, Colorado and Santa Fe Railway Company, and on appeal the judgment below was reversed and the cause remanded.

The appellees applied for writ of error, giving a detailed statement of the litigation, and conclude as follows:

"We submit to the honorable Supreme Court that the facts in evidence in this case show that the deceased was found between the rails of the track of the defendant in error, dead, but still warm, immediately after the passing of one of the defendant in error's trains, and the Court of Civil Appeals concludes that it is evident that the train killed him. There

is evidence tending to show that the defendant, which was backing a long train of cars over and across the streets of a populous city, was not at the time of the accident ringing its bell nor blowing its whistle, nor carrying any lights, and that at the same time its motion caused almost no noise at all to give any warning of its approach; and the defendant in error had not put any lights at or near said street crossing, that the approach of trains might be seen, although it had been notified that such lights were necessary.

" We submit that the facts in evidence are the facts in the case, so far as the same are known or can be ascertained, and there are no other facts within our knowledge, or which are capable of being ascertained; and the judgment of the Court of Civil Appeals, ' that upon this state of facts the case should have been taken from the jury and an instruction given them to find a verdict for the defendant,' practically settles the case, and brings it within the exceptions enumerated in the statute in article 1011a, section 8, Acts Special Session Twenty-second Legislature, page 20. * * *

" Because the judgment of the Court of Civil Appeals in this case holds it to be the rule of law in this State, that the burden of proof in cases of this kind is upon the plaintiff to prove due care and the absence of contributory negligence on the part of the injured person; and because the said judgment of the Court of Civil Appeals holds it to be proper for the trial court to take from the jury questions of negligence where there is testimony of such negligence; and because the Court of Civil Appeals has not properly understood the case set out in the statement of facts, and has drawn therefrom conclusions of fact which are not sustained by the facts in evidence; and because the said judgment of said Court of Civil Appeals practically settles this case, * * * pray that the judgment of the Court of Civil Appeals be reviewed and reversed, and that the Court of Civil Appeals be by this court required to enter their judgment affirming the judgment of the District Court," etc.

*Burke, Kirlicks & Griggs, Burkhardt & Breeding,* and *Oliver & Oliver,* for the application.

STAYTON, CHIEF JUSTICE. — Application for writ of error is made by Carrie Riordan and others, who are plaintiffs, and in the District Court recovered a judgment, which on appeal was reversed and the cause remanded by the Court of Civil Appeals, on the ground that the facts proved did not entitle the plaintiffs to a judgment.

The case involves no question that would give this court jurisdiction, nor is it made to appear, that " the judgment of the Court of Civil Appeals reversing the judgment practically settles the case."

What the facts may be shown to be on another trial, we can have no knowledge, and the petition for writ of error does not show or suggest

that no proof other than that made on the former trial may not be produced on another.

For want of jurisdiction, the application must be dismissed.　It is so ordered.

*Application dismissed.*

Delivered May 25, 1893.