St. Louis Southwestern Railway Company of Texas v. G. C. Wilcox.

Decided July 1, 1909.

**1.—Railroads—Negligence—Projection from Train—Pleading.**

In an action to recover damages for personal injuries caused by a piece of timber projecting from a freight train while passing through a town at night, pleading considered and held not subject to exception on the ground that the acts or facts constituting the negligence for which it was sought to hold the defendant railroad company responsible, were not specifically stated, but that negligence was alleged as a conclusion.

**2.—Same—Contributory Negligence—Evidence.**

In an action for damages for personal injuries caused by being struck by a piece of timber projecting from a freight train, evidence considered and held insufficient to require the court to submit the issue of contributory negligence on the part of the plaintiff and sufficient to justify a verdict against the defendant.

**3.—Same—Argument of Counsel.**

Where, in an action against a railroad company for damages for personal injuries, plaintiff alleged that the defendant was guilty of negligence in running its train through a station at night at a high rate of speed, counsel for plaintiff had a right in his closing argument to comment upon that phase of the case although counsel for defendant had made no reference to it in his argument.

**4.—Trial—Refusal of Charge—Practice.**

When the proposition embraced in a requested charge is included in the main charge of the court, the requested charge is properly refused.

**5.—Same—Thoroughfare—Licensee.**

It is the duty of a railway company to use ordinary care not to injure persons at a place commonly and habitually used by the public as a passway with the knowledge and consent of the company, and any neglect of such duty will render the company liable in damages when injury results therefrom.

Appeal from the District Court of Henderson County. Tried below before Hon. B. H. Gardner.

*E. B. Perkins, Daniel Upthegrove, R. S. Neblett* and *W. R. Bishop,* for appellant.—The petition in the matters complained of fail to allege the acts or facts constituting negligence for which appellant was sought to be held liable, and only alleged negligence as a conclusion of the pleader, and the court therefore erred in overruling the special demurrer embodied in the first assignment of error. Ware v. Shafer, 88 Texas, 44; Lemmon v. Hanley, 28 Texas, 220; Texas & P. Ry. v. Hennessey, 75 Texas, 155; Texas & P. Ry. v. French, 86 Texas, 97; Murray v. Railway Co., 73 Texas, 2; Mitchell v. Western Union, 5 Texas Civ. App., 531; Thomas, v. Davis, 15 Texas Civ. App., 362; Western U. Tel. Co. v. Smith, 88 Texas, 9.

The evidence is sufficient to show that the injuries received by the appellee were caused by his negligence in walking at a distance of but four or five feet from a moving train, in the dark, knowing the train was in motion, and instead of looking out for his own safety he negligently looked back to see if his dog had been caught by the passing

train, which act precluded his seeing and avoiding the projecting substance which caused his injury, and the court erred in refusing special instruction directing the jury's attention to these facts. Missouri, K. & T. Ry. v. McGlamory, 89 Texas, 635; Missouri, K. & T. Ry. v. Rogers, 91 Texas, 52; City of Dallas v. Jones, 93 Texas, 38.

The attorney for the plaintiff was guilty of improper conduct and presented for the consideration of the jury an erroneous statement of the law, to the effect that it was negligence, as a matter of law, for the appellant to run its train through Malakoff at the rate of speed shown by the evidence, for which conduct a new trial should have been granted and for which the judgment should now be reversed. St. Louis S. W. Ry. v. Holmes, 49 S. W., 658; Galveston, H. & S. A. Ry. Co. v. Wesch, 85 Texas, 594; Dillingham v. Wood, 27 S. W., 1074; Chicago, R. I. Ry. v. Langston, 19 Texas Civ. App., 568; Western Union v. Teague, 8 Texas Civ. App., 444.

There is material and reversible error in refusing special charge No. 5, because the evidence was sufficient to warrant the jury in finding that appellant was not guilty of negligence, in that it had used the degree of care required by law in loading the car of ties from which the tie was projecting which struck the appellee, and had used the degree of care required in handling the train and in inspecting the cars, and had failed to discover the projecting tie prior to the injury, and did not know of the presence of appellee at the time of the injury. Chicago & Eastern Ill. Ry. Co. v. Reiley, 17 Am. Neg. Rep., 206; Wabash, St. L. & P. Ry. v. Locke, 2 Am. St. Rep., 193; Lewis v. Flint & P. M. Ry. Co., 52 Am. Rep., 790; Mitchell v. Chicago & Grand Trunk, 47 Am. Rep., 566; Baltimore etc. v. Schwindling, 47 Am. Rep., 706; Reichert v. International & G. N. Ry. Co., 72 S. W., 1031; Nitro Glycerine Cases, 15 Wallace, 524.

Plaintiff, appellee, at most occupied the position of a licensee; he was using the cinder platform for his own convenience and pleasure, and the railroad company owed him no duty, except to avoid unnecessary injury, and the special charge requested should have been given. Baltimore & O. Ry. Co. v. Schwindling, 47 Am. Rep., 707; Chicago Ry. Co. v. Reiley, 17 Am. Neg. Rep., 206.

*Watkins, Green & Richardson,* for appellee.—Plaintiff is never required to negative defensive pleading; the matters of loading cars, their inspection or lack of it, and the negligent running and management of trains are peculiarly within the knowledge of defendant, and are never required to be pleaded by plaintiff.

The petition shows that while standing at a safe and proper place, plaintiff was struck in the face and seriously injured. He was five feet away from the passing car. Defendants were running through the town of Malakoff with projections from their cars, and thereby endangering the lives and persons of any one near their track. Railway Co. v. Smith, 74 Texas, 276; Railway Co. v. Wilbanks, 113 S. W., 318; Railway Co. v. Easton, 2 Texas Civ. App., 378; McCray v. Galveston, H. & S. A. Ry., 89 Texas, 168.

It is not contributory negligence to fail to keep an outlook for something that would not ordinarily happen, except by accident or negli-

gence of the persons who committed the injury. We specially invite the court's attention to case of McCray v. Galveston, H. & S. A. Ry., 89 Texas, 168, as a most pertinent case. Texas & P. Ry. v. Phillips, 37 S. W., 621; Houston & T. C. Ry. v. Harvin, 54 S. W., 631; Railway Co. v. McCombs, 54 S. W., 181.

One upon a portion of the track constantly and habitually used by pedestrians may presume that the company assents thereto. Railway v. Crum, 6 Texas Civ. App., 710; Railway Co. v. Morgan, 92 Texas, 98; Gulf C. Ry. Co. v. Smith, 87 Texas, 348; Texas & P. Ry. v. Watkins, 88 Texas, 24; Townes on Torts, 228 and 222.

RAINEY, CHIEF JUSTICE.—Appellee brought this suit against appellant to recover damages for personal injuries to him, caused by being struck by a timber projecting from one of appellant's freight trains operated along its track near the depot of Malakoff, Texas, about eight o'clock at night. Defendant answered by general and special demurrer, general denial and contributory negligence. A trial resulted in a verdict and judgment for plaintiff for $800, and defendant appeals.

The first assignment is: "The court erred in overruling defendant's special demurrer, which is substantially as follows: 'The defendant specially demurs to that part of plaintiff's petition contained in the third paragraph thereof, which undertakes to charge this defendant with negligence, and says the same is insufficient in that the allegations of negligence are mere conclusions, and said allegations do not specify the character of the acts nor the acts of negligence which plaintiff claims caused the injuries.' "

The allegations of the plaintiff's petition are: "That on said date said minor plaintiff was walking near the depot in the town of Malakoff along a place commonly and habitually used by pedestrians, which use was well known to defendants and its servants, or could have been known by the exercise of ordinary care, when, without any fault or negligence on the part of said plaintiff, he was struck by timber or other hard substance which was projecting from a passing train; that at the time plaintiff was so struck he was walking at a safe and reasonable distance from said train and no injury would have been done him but for the negligence of defendant and its servants in so running and operating its said train with said timber or other substance so dangerously and carelessly projecting therefrom. Plaintiff further charges that at the time of said injury he was on his way to the depot of said defendant, to which place he was going at the solicitation and request of one of the servants of said defendant, and that in so going he was traveling the most direct, practical and public route."

The contention is that the acts or facts constituting negligence for which appellant was sought to be liable are not specifically stated, but negligence is alleged as a conclusion. The allegation that he was struck by a projection from a passing train while he was walking at a safe and reasonable distance from said train, and injured, is a sufficient allegation to charge liability, and if proved it devolves upon the railway company to show that it was without fault. (Gulf, C. & S.

F. Ry. Co. v. Smith, 74 Texas, 276; McCray v. Galveston, H. & S. A. Ry. Co., 89 Texas, 168; Texas & Pac. Ry. Co. v. Easton, 2 Texas Civ. App., 378.) There was no error in overruling the demurrer.

The second assignment is: "The court erred in refusing defendant's special charge No. 6, which is substantially as follows: 'You are instructed that if you believe from the evidence that G. C. Wilcox when struck was negligently looking back to see whether his dog had crossed in front of the train, and that his act in looking back proximately contributed to his being struck, the defendant would not be liable, and should you so believe the form of your verdict will be: "We, the jury, find for the defendant." ' "

The proposition is: "The evidence is sufficient to show that the injuries received by the appellee were caused by his negligence in walking at a distance of but four or five feet from a moving train in the dark, knowing the train was in motion, and, instead of looking out for his own safety, he negligently looked back to see if his dog had been caught by the passing train, which act precluded his seeing and avoiding the projecting substance which caused his injury, and the court erred in refusing special instructions directing the jury's attention to these facts."

The defendant plead contributory negligence of plaintiff in looking back, but we are unable to see wherein plaintiff was negligent in looking back. The evidence fails to show that by looking back he was placed any nearer the train, or that he would probably not have been struck had he not looked back. There is nothing in the evidence to show that plaintiff was called upon to suspect or anticipate that the train while running through a town would have a projection that endangered the persons who commonly frequented the cinder platform where plaintiff was struck. It was dark and the plaintiff did not see the projection, and the evidence conclusively shows that he was struck full in the face, or nearly so, which clearly establishes that he was not struck when looking back. The charge was properly refused. (McCray v. Galveston, H. & S. A. Ry. Co., 89 Texas, 168.)

Complaint is made that the evidence does not support the verdict. The evidence shows that appellant's railway tracks runs practically east and west through the business portion of the town of Malakoff, Henderson County, business houses being situated on both sides of the track. On the occasion in question plaintiff, his brother and one West, who worked at the railway company's depot, at about eight o'clock at night, were at a livery stable just south of the track. West proposed that they go to the depot, situated on the north side just across the track. The three started, and plaintiff decided he would go to church. They went across the track at a public crossing and turned north, and were walking about five feet from the track along the platform of the depot, made of cinders, when plaintiff was struck by a cross-tie projecting from the side of a passing train, going west or in a southerly direction. They saw the train coming when they crossed the track, and just after, and while walking along on the cinder platform, plaintiff looked back to see if his dog had crossed the track, and as he turned was struck in the face and injured. Plaintiff's brother and West were walking ahead of him. They were not struck, because as

the train passed the depot a light shone through a window on the car, and they saw the projection as it passed and dodged it. The place where plaintiff was walking at the time he was struck was constantly and habitually used by pedestrians, which was well known to defendant. Two of the cars in the train were loaded with cross-ties. From the tie projecting, negligence on the part of defendant can rightfully be inferred, in the absence of sufficient evidence to the contrary. The evidence fails to show contributory negligence on the part of plaintiff. The evidence is sufficient, we think, to justify the verdict, and said assignment is overruled.

The thirtieth assignment is: "The court erred in not suppressing and excluding from the jury the closing argument of A. B. Watkins to the jury in substance as follows: 'There is another question of negligence in this case which has not been discussed by the attorneys for the defendant, and that is this: I claim that the law makes it negligence for the road to run its trains through Malakoff at the speed which our testimony shows this train was going when this plaintiff was injured,' as shown by defendant's bill of exceptions." We do not think this argument of counsel reversible error. Counsel have the right to present to the jury their theory of the law as applicable to the evidence adduced on the trial of the case. Plaintiff had alleged the train was running at a high rate of speed, and we see no objection to the counsel giving his conclusion drawn from the evidence presented. Besides, the court instructed the jury: "In arriving at your verdict you will be guided by the law as it is given you in these instructions, and such special charges as the court may give you, and it is your duty to be governed thereby." The court correctly charged the law, so if the claim of the counsel as to the. law was incorrect the jury were not misled by counsel.

Complaint is made of the refusal of the court to give special charge No. 5, requested by appellant, in effect that, if appellant used ordinary care in loading the ties, and in operating the train, and in inspecting the ties in the ordinary and usual way while in transit to determine whether they were in safe and ordinary condition, and that said projection was not discovered and the presence of the plaintiff was not known to the operatives, to find for the defendant. The court gave special charge No. 13, requested by counsel for appellant, which embraced substantially the matters contained in special charge No. 5, the giving of which leaves no ground for complaint for the refusal to give special charge No. 5.

Several charges were requested which, in effect, told the jury that plaintiff had no business with defendant, and had no legal right to be in the place he was at the time he was injured; that plaintiff being on the cinder platform at the invitation of West, for pleasure and convenience, and having no business to transact with the railroad, he was subject to all the dangers and perils of passing freight trains, for which he could not hold the defendant liable, etc. We do not think the principles invoked by these special charges are applicable to the facts of this case. The plaintiff was at a place that was commonly and habitually used by the people for a passway with the consent and knowledge of the railway company, and he was therefore a licensee,

and it was the duty of the railway company to use ordinary care not to injure persons at that point, and where injury results from its negligence alone it will be liable. (Texas & Pac. Ry. Co. v. Watkins, 88 Texas, 20.)

We think the amount of recovery under the evidence is not excessive. The judgment is affirmed.

*Affirmed.*

Writ of error refused.