## HAWTHORNE v. TEXAS & N. O. R. CO.

### No. 2808.

Court of Civil Appeals of Texas. Beaumont.

June 27, 1935.

Burris, Green & Benton, of Houston, for appellant.

Baker, Botts, Andrews & Wharton, of Houston, for appellee.

COMBS, Justice.

The appellant, C. T. Hawthorne, was injured by falling under one of appellee's trains, which severed his left leg below the knee. Appellant was the only eyewitness. He testified that at about 11 p. m. on August 17, 1932, he started out from his sister's home to walk to the Houston ship channel. He proceeded on the Griggs street road, which runs parallel to the railroad right of way of the appellee, and, finding rather heavy traffic on the road, he stepped from it onto the railroad right of way and proceeded to walk down the track. As he walked down the track, he observed a freight train approaching and stepped aside to let it pass. He stood facing the train about 3 feet from the cars. After the engine and ten or twelve cars were past, something struck him in the side and knocked or jerked him down and his leg was severed by the train, as above mentioned. He did not know what it was that hit him, but said it felt like a rod. Apparently the train crew knew nothing of the accident at the time, and the train did not stop. This suit was filed in the district court of Harris county seeking damages in the amount of $50,000. In his petition appellant charged the railroad company with negligence in operating its freight train with a projection extending approximately 4 feet in a horizontal position from the side of its cars in such way as would likely injure the plaintiff or other persons

standing or walking near the track at a safe distance; in failing to give proper warning of such projection, and several other specific acts of negligence. At the conclusion of appellant's evidence, the trial court instructed a verdict in favor of the defendant railroad.

 Other than as above stated, there was no evidence as to what struck the appellant or that there was any projection on the cars of the appellee, or that the agents and employees of appellee were negligent in any respect charged. The facts show that the track where appellant was injured was frequently used by pedestrians as a walkway, and appellee concedes that appellant was a licensee. Appellee also concedes that the question of appellant's contributory negligence was one of fact for the jury. The instructed verdict, therefore, rests alone upon the proposition that the pleadings and evidence did not raise any issue that appellant's injury resulted from the negligence of the railroad company.

We think the trial court properly instructed the verdict. The evidence of appellant failed to raise any issue for the jury as to any act of negligence charged in his petition. Appellant's own testimony shows that he did not see the alleged projection; that he did not know what kind of car was passing at the time he was struck; that he did not know whether the instrumentality which struck him was attached to any car or whether it was on a wheel or axle, and he admitted that it might have been a piece of heavy wire. There is nothing in the evidence to indicate any negligence on the part of the operatives of the train in any of the respects charged. For aught the record shows, the alleged projection which struck the appellant may have been some piece of wire or other object picked up by the moving train along the track in such manner that the train crew, even by the exercise of extreme care and diligence, would not have known of it. The burden was, of course, upon the appellant to establish the acts of negligence alleged. The acts of negligence charged against the railroad company could not be inferred from the mere fact that the appellant received an injury while standing near the passing train. It was necessary for the proof to go further and raise a reasonable inference that the injury resulted proximately from some act of negligence on the part of the operatives of the train charged in the petition. T. & P. Ry. Co. v. Endsley, 103 Tex. 434, 129 S. W. 342; T. & N. O. Ry. Co. v. Smith (Tex. Civ. App.) 285 S. W. 913; T. & P. Ry. Co. v. Greene (Tex. Civ. App.) 291 S. W. 929, affirmed (Tex. Com. App.) 299 S. W. 639; Davis v. Castile (Tex. Com. App.) 257 S. W. 870; H. E. & W. T. Ry. Co. v. Hickman (Tex. Civ. App.) 207 S. W. 550.

 Nor did appellant establish any cause of action under the doctrine of res ipsa loquitur. That principle has no application here because appellant alleged specific acts of negligence, and his right of recovery must rest on the basis of the specific acts of negligence which he alleged in his pleading. 30 Tex. Jur. p. 808; Brigman v. Holt & Bowers (Tex. Civ. App.) 32 S.W.(2d) 220 (writ denied); Wichita Valley Ry. Co. v. Helms (Tex. Civ. App.) 261 S. W. 225; Johnson v. G., H. & N. Ry. Co., 27 Tex. Civ. App. 616, 66 S. W. 906 (writ denied).

 The rule of res ipsa loquitur has no application in this case, for the additional reason that the evidence fails to negative a reasonable probability that the injury complained of resulted from some cause other than the negligence of the railroad company. Davis v. Castile (Tex. Com. App.) supra. Appellee's liability cannot be predicated upon a mere guess, surmise, or presumption when it is equally reasonable to presume that the injury resulted from some nonactionable cause. Davis v. Castile, supra; G., C. & S. F. Ry. Co. v. Davis (Tex. Civ. App.) 161 S. W. 932.

Finding no error, the judgment of the trial court is affirmed.