## JOHNSON v. TEXAS & PAC. RY. CO.
### No. 1787.

Court of Civil Appeals of Texas. Eastland.
May 13, 1938.

Rehearing Denied June 10, 1938.

Scarborough & Ely, of Abilene, for appellant.

Mays & Perkins, of Sweetwater, for appellee.

LESLIE, Chief Justice.

Luther Johnson instituted this suit against Texas & Pacific Railway Company to recover damages for injuries alleged to be the proximate result of defendant's negligence. The defendant answered by general demurrer, general denial, and plea of contributory negligence. At the conclusion of the testimony, the court instructed a verdict in favor of the defendant. From a judgment thereon the plaintiff appeals, assigning as error said action of the court.

The allegations are that the plaintiff sustained the injuries at a point on the defendant's right-of-way at Monahans,

Texas, where pedestrians continuously cross the right-of-way and track, but where there is no crossing; that while standing on the right-of-way near the track waiting for an east-bound freight train to pass, plaintiff was struck by a piece of wire or other substance extending from a passing car; that he was jerked to the ground and caused to fall in such way that a part of his left hand was mashed off by the car wheels.

At Monahans the railway track and the public highway run east and west, paralleling each other. Until recently the town was rather small and built along the track. It is not "blocked", according to the testimony, and there are two public crossings over the track, and one is at the defendant's depot. The crossings are some distance apart, possibly "one and one-half miles", and the appellant was injured "five or six blocks" west of the station. The only first-hand information concerning the accident is given in plaintiff's testimony.

According to the testimony of the plaintiff, he was seeking to locate the residence of a kinsman, and he passed from the highway on the south side of the track "angling from * * * carnival ground" to the north side of the track, along which a highway or public road ran. Being unable to locate the party sought, he began the return trip and approached within "six or eight feet from the car" (the passing train) and while standing there in the dark with his back somewhat to the west (from which the train was approaching), he was hit by something, causing the injuries complained of. According to his testimony, the accident occurred under the following circumstances:

"Q. What, if anything, happened to you when you walked up to the train, and while you were waiting for it to go by? A. I was standing there talking, had my back to the west, and all at once I heard something rattle on the ground. I couldn't say what it was, and something caught me right there (indicating) I didn't know what it was.

"Q. Where did it catch you? A. Right here on the leg, and tore my clothes; I had on heavy khaki, and it ripped my pants leg around. I figure it was a wire, but to say what it was, I couldn't say, but I thought it was a wire, steel rod, or something. It knocked me down and I thought I was in under the train, it cut my finger off and mashed my hand all up. * * *

"Q. After whatever it was struck you and knocked you down, what, if anything, did you do then? A. Well, I got up, I was laying pretty close to the track, and looked around and said to the man with me, 'Get the law', I wanted him to catch them, and he said, 'All right', and he went down the track. * * *

"Q. You testified a while ago about hearing something hitting the gravel, how long before that was it before you were hit? A. I was hit—I just heard something, sounded like it was scraping or dragging, but I was hit by the time I heard it, didn't have time to turn or think or move.

"Q. About how close to the freight train were you standing when you were struck by whatever it was? A. Judge, I don't know, I believe I was standing at least six or eight feet from the cars.

"Q. They were moving at that time? A. Yes sir. * * *

"Q. And if you had been standing a little bit further back you wouldn't have got hurt? A. I don't know.

"Q. You say you heard something hit the gravel? A. Yes sir, I thought I did, I might be mistaken. * * *

"Q. And I believe you said on direct examination you couldn't say what it was, but you guessed it was a wire? A. Yes sir. * * *

"Q. It was so dark you couldn't see? A. I couldn't see good, couldn't see no wire, I couldn't see what hit me."

This, in substance, reflects the essential nature of appellant's testimony, and he seeks to recover as for negligence upon the principle of res ipsa loquitur. As stated in his brief, "It is the appellant's unequivocal position that the case at bar is one in which the doctrine of res ipsa loquitur is strictly applicable." That is, he relies upon a presumption of negligence from the nature of the accident. Such was the position taken by his counsel in the oral argument on submission of the case.

We have carefully considered the case in the light of this contention as presented in the carefully prepared brief of the appellant. Among the leading authorities cited, discussed and relied on by the appellant are: Missouri, K. & T. Ry. Co.

of Texas v. Schroeter, Tex.Civ.App., 134 S.W. 826, writ refused; St. Louis S. W. Ry. Co. v. Balthrop, Tex.Civ.App., 167 S.W. 246; Washington v. Missouri, K. & T. Ry. Co., 90 Tex. 314, 38 S.W. 764; St. Louis, I. M. & S. Ry. Co. v. Duckworth, 119 Ark. 246, 177 S.W. 1148; Southern Railway Co. v. Cochran, 5 Cir., 29 F.2d 206; Missouri, K. & T. Ry. Co. v. Scarborough, 29 Tex.Civ.App. 194, 68 S.W. 196; St. Louis S. W. Ry. Co. v. Wilcox, 57 Tex.Civ.App. 3, 121 S.W. 588; Tompkins v. Erie Railway Co., 2 Cir., 90 F.2d 603; Smith v. Pennsylvania Ry. Co., 2 Cir., 239 F. 103, and the many authorities cited in said opinions.

Some of these authorities are not applicable. Others present a learned exposition of the rule of law known as res ipsa loquitur, as applied to the particular facts involved in the respective cases. However, we do not believe this case reflects a fact situation requiring the submission of the issue of negligence to the jury upon the principle stated. There are fatal deficiencies in the testimony to which attention will be given.

The plaintiff does not state what hit him. He suggests it may have been a wire. He did not see it, though in close proximity to the passing train which he estimates was traveling "fifteen, twenty or maybe thirty miles an hour." There is no testimony that a wire, or anything of like nature, was attached to a passing car, nor does the testimony show that a wire was wound about the wheels, tied onto or fastened to the truck of a car. Conceding a wire was in some way attached or wound about the wheel or axle of the car, or enmeshed therein, there is no evidence showing when or where it became so attached or entangled. As said in Hawthorne v. Texas & N. O. Ry. Co., Tex.Civ.App., 84 S.W.2d 1015, 1016: "For aught the record shows, the alleged projection which struck the appellant may have been some piece of wire or other object picked up by the moving train along the track in such manner that the train crew, even by the exercise of extreme care and diligence, would not have known of it."

■ The rule of law applicable to such a state of facts is stated by our Supreme Court in Davis v. Castile, 257 S.W. 870, as follows (page 872):

"* * * where the evidence shows that the accident may have happened as the result of one of two or more causes, and it is not more reasonably probable that it was due to the negligence of the defendant than to any other cause, the rule of res ipsa loquitur does not apply. Patton v. Texas Ry. Co., 179 U.S. 658, 21 S.Ct. 275, 45 L.Ed. 361; St. Louis Ry. Co. v. Cason, 59 Tex.Civ.App. 323, 129 S.W. 394; Texas & P. Coal Co. v. Kowsikowsiki, supra [103 Tex. 173, 125 S.W. 3]."

■■ Of course, it is fundamental that "The mere happening of an accident affords no legal grounds for a claim for damages, unless the claim can be predicated upon that class of accidents, governed by the rule of res ipsa loquitur, which per se raises a presumption of negligence." Davis v. Castile, supra. A careful study of the testimony in this case and an application thereto of the rule or test laid down in the opinion in Davis v. Castile, supra, and the authorities therein cited, convinces us that there is nothing in the circumstances of the accident, as stated in appellant's testimony, to give rise to any inference that the appellee or its agents and servants had any knowledge that a wire or any like projection had been fastened to the car or become attached thereto and sweeping along the side of the track. The evidence wholly fails to negative the reasonable probability that the injury complained of resulted from some cause other than the negligence of the defendant. Davis v. Castile, supra; Hawthorne v. Texas & N. O. Ry. Co., supra. Stated somewhat differently, the testimony does not make it more reasonably probable that the accident was due to alleged negligence of the defendant than some other cause. It is just as reasonable, if not more so, to assume or speculate that the passing car had just picked up the wire on the track at a time and place affording the defendant's agents and servants no opportunity to discover and remove it. The theory is equally plausible that some tramp, trespasser or meddler had theretofore fastened a wire or some such object to a car or its wheel giving the appellee no opportunity by the exercise of extraordinary care to discover and remove it. Equally as plausible, some hobo on the train may have manipulated the wire, or whatever it was, so as to catch one standing in the position of the plaintiff and draw him into the place of injury. In this con-

nection, plaintiff's remarks at the moment of the accident may be significant. He testifies he called to a party standing near him " 'Get the law'—I wanted him to catch them, and he [the party] said 'all right' and he went down the track." Whether this language be interpreted as referring to the train crew, trespassers on the train, or nearby, or other persons, it is not easy to determine, but the plaintiff's immediate reaction to the circumstances of the accident is a kind of res gestae suggesting that possibly someone else other than the defendant, its agents and servants, inflicted the injury upon the plaintiff. Further, as the appellant was standing near the passing train with his back to the west he was, according to his testimony, between the passing train and the unknown party with whom he was talking, and who was standing near him and to the north. Although this party (whom appellant met at the carnival) gave the appellant some information concerning the residence of the friend or relative he was seeking and went with him across the track and started to return with him, nevertheless the appellant was unable to give his name or describe him, and, of course, did not call him as a witness. It would be but indulging in speculation to assume that the plaintiff might have received a stroke or shove from this party causing him to fall in the direction of the train and sustain his injuries, but it would also be quite as unreasonable and more so to assume or presume that the agents of the defendant negligently injured the appellant, or "permitted" him to be so injured by the wire. That is, it is not more reasonably probable that the accident was due to the negligence of the defendant than to another cause.

Summarizing, it is our conclusion that the alleged negligence upon the part of the defendant is based upon nothing more than mere speculation and conjecture. The circumstances of the accident do not speak or suggest acts of negligence on the part of the appellee so as to give rise to any legitimate inference of negligence upon its part.

■ Further, as said in Bonner v. Texas Co., 5 Cir., 89 F.2d 291, 294:

"Res ipsa loquitur does not help, for that doctrine applies only when the instrumentalities causing injury are shown to have been wholly in the care of defendant, and not to have been meddled with by the person injured or outsiders." Citing Davis v. Castile, supra, and other authorities.

Presumably, the instrumentality causing the injury was a wire. If so, it was no part of the train equipment and was not exclusively in the control of the appellee. It was a "temporary and transient [object or defect], rather than [something] inherent or permanent, and therefore shows nothing as to the length of time it had existed. It is not like a defect of such character as to show within itself the master ought to have known of its existence." St. Louis, S. F. & T. Ry. Co. v. Cason, 59 Tex.Civ.App. 323, 129 S.W. 394, 398.

For the several reasons above given we think the instant case is distinguishable from those cited and relied upon by appellant. In those cases the injury generally occurred at a public crossing or place known by the defendant to be commonly and habitually used by pedestrians and the injury was inflicted by some instrumentality such as "a wire cable", a "scantling", etc., in the actual and exclusive control or use of the defendant which, as pointed out, is not true as to the wire in the instant case.

We shall not further discuss or undertake to distinguish the appellant's authorities. The fundamental principle of law announced and employed in each of them is in substance the same; but if we correctly interpret the testimony in the case before us the authorities upon which our conclusions are based control the disposition of the appeal. In addition we cite Texas & P. Ry. Co. v. Endsley, 103 Tex. 434, 129 S.W. 342; St. Louis, S. F. & T. Ry. Co. v. Cason, 59 Tex.Civ.App. 323, 129 S.W. 394; Texas & N. O. Ry. Co. v. Smith, Tex.Civ.App., 285 S.W. 913; Joseph Musto v. Lehigh Valley Railroad, 327 Pa. 35, 192 A. 888, 112 A.L.R. 842, and extension notes page 850.

This disposes of the case upon the principle insisted upon by appellant, namely, the application of the rule of res ipsa loquitur to the facts and circumstances in evidence.

■ The appellee, not without logic and reason, submits in a counter proposition that the allegations of the plaintiff's petition set forth specific acts of negligence, thereby rendering the rule of res ipsa inapplicable. Certainly the principle has no application where the acts of negli-

gence are specifically alleged. It has often been so held, and in Davis v. Castile, supra, we find this language:

"Again, where specific acts of negligence are alleged as the cause of the accident, the principle of res ipsa loquitur is not applicable, and the plaintiff cannot make a prima facie case without proof of the acts of negligence alleged, and that such negligence was the proximate cause of the accident. Lone Star Brewing Co. v. Willie, 52 Tex.Civ.App. 550, 114 S.W. 186 (writ ref.) Gulf Pipe Line Co. v. Brymer, 59 Tex.Civ.App. 40, 124 S.W. 1007; Smith v. Pennsylvania Ry. Co. (C.C.A.) 239 F. 103."

Suffice it to say that if the plaintiff's case is one of specifically alleged acts of negligence, then the rule contended for by appellant would be inapplicable. But in that event he would be unable to recover in this case, since he failed to establish negligence upon the part of the defendant and the proximate cause. The evidence raises no such issues.

For the reasons assigned, the judgment of the trial court is affirmed. It is so ordered.