**HERNANDEZ v. TEXAS & N. O. R. CO.**

No. 10408.

Court of Civil Appeals of Texas.
San Antonio.

Jan. 18, 1939.

E. P. Lipscomb, of San Antonio, for appellant.

Baker, Botts, Andrews & Wharton, of Houston, and Brooks, Napier, Brown & Matthews, of San Antonio, for appellee.

SLATTON, Justice.

This is an action for damages by Vicente Hernandez against the Texas and New Orleans Railroad Company, which was tried in the 57th District Court of Bexar County. At the close of the evidence offered by Hernandez, the trial court upon motion of the Railroad Company directed a verdict in favor of the Company. Hernandez appeals.

The facts upon which Hernandez sought a recovery appear in his pleadings as follows:

"That heretofore, to-wit, on the or about the 15th day of August, 1937, plaintiff, as a licensee, with the permission of the defendant railway company, both express and implied, was walking near defendant's railroad track, in the vicinity of Victoria and Nebraska Streets, within the corporate limits of the City of San Antonio, Bexar County, Texas. Plaintiff was not walking on said roadbed as a trespasser. He was not making an unlawful use of defendant's road bed and track. It was shortly after midnight. One of the defendant's trains came along, with some article negligently projecting beyond the side of the car, the facts as to such article being a matter peculiarly within the knowledge of defendant. That such article, whatever it was, that defendant negligently allowed to project beyond the general line of cars in defendant's said train, struck plaintiff in the back with great force and violence, hurling plaintiff to defendant's roadbed in such a way that plaintiff's left foot fell partly under one of the wheels and trucks of said train, in such a way that the five toes of plaintiff's said left foot were crushed and mangled, and subsequently had to be amputated. * * *

"That plaintiff was without negligence on his part, when struck by said projecting object negligently allowed by defendant to protrude beyond the line of freight cars passing plaintiff in defendant's said train."

The occurrence of the event was described by Hernandez, the only eye witness, who testified upon the trial, as follows:

That about midnight of August 15, 1937, he was between the double tracks of the railroad at Walnut and Nebraska Streets in the City of San Antonio, walking north towards Commerce Street. "A freight train came along, I got out of the way, when about the middle of the train there was something sticking out, I don't know whether it was wood or iron, hit me on the back and knocked me off my balance, I fell on the side and it caught my foot. My foot went under the wheel of the car. I had to lay there some time because the train was slow going by. After the train went by I sat up and started hollering. The train was going north on my east side; only one train passed me. I have no idea what hit me. I did not see what is was." Hernandez testified that he had consumed a few glasses of beer earlier in the evening. Another witness testified that at about 1 o'clock a. m. he received a call to go to the place of the accident and found Hernandez fifty to one hundred feet from the intersection at Nebraska Street, and that Hernandez was drunk. The evidence tendered by Hernandez shows that he was walking along between main lines of the railroad tracks, although there was a paved street along the east side of such tracks. The appellant contends that the evidence offered by him made a case to go to the jury, under the familiar doctrine of res ipsa loquitur. In the case of Davis v. Castile, Tex.Com.App., 257 S.W. 870, it is said [page 872]: "Where the evidence shows that the accident may have happened as the result of one of two or more causes,

and it is not more reasonably probable that it was due to the negligence of the defendant than to any other cause, the rule of res ipsa loquitur does not apply. Patton v. Texas Ry. Co., 179 U.S. 658, 21 S.Ct. 275, 45 L.Ed. 361; St. Louis Ry. Co. v. Cason, 59 Tex.Civ.App. 323, 129 S.W. 394; Texas & Pac. Coal Co. v. Kowsikowsiki [103 Tex. 173, 125 S.W. 3]."

In cases where the facts are very similar to the facts in the present case a directed verdict was sustained. Hawthorne v. Texas & New Orleans R. Co., 84 S.W.2d 1015, by the Galveston Court of Civil Appeals, and Johnson v. Texas & Pac. Ry. Co., Tex. Civ.App., 117 S.W.2d 864, by the Eastland Court of Civil Appeals, writ dismissed.

Applying the rule announced in the cited cases, supra, to the facts in the present case, we are of the opinion that the trial court correctly directed a verdict for the appellee.

The judgment is affirmed.