610

BONNER et al. v. THOMPSON et al.
No. 11919.

Court of Civil Appeals of Texas. Galveston.
Oct. 30, 1947.

Rehearing Denied Nov. 13, 1947.

Kennedy & Granberry, of Crockett, for appellants.

Crook & Von Doenhoff, of Crockett, and Kelley, Lockett & Lockett and Sewell, Morris, McGregor & Sewell all of Houston (Ben G. Sewell, of Houston, of counsel), for appellees.

GRAVES, Justice.

These appellants, the children of William O. Bonner, Sr., sued the appellee as Trustee for the International and Great Northern Railroad Company, for damages claimed to have resulted to them from fatal injuries alleged to have been received by their father on such railroad's track, adjacent to its passenger-station in the City of Grapeland, Texas.

The pertinent part of their petition was this:

"On or about the 3rd day of January, 1947, deceased started to cross the railroad track owned and used by defendants in the City of Grapeland, in Houston County, Texas. At the time and place in question. he was proceeding along a foot-path, which extended North along the East side of said track, crossed to the West side thereof, and extended North along the West side of said tracks. This foot-path was not a public crossing of said tracks, but was one which was and had been used by the public in general, and the citizens of Grapeland, in particular, for such purpose more than sixty (60) years, and defendants, their agents, servants and employees well knew that such use had been continuously made of such foot-path during all these years. At the time and place in question, deceased started across such tracks, and was struck by one of defendant's trains, then and there operated by defendant's agents, servants and employees. Plaintiffs make no allegation as to the manner in which deceased was struck by such train, for reasons which will hereinafter appear. Plaintiffs have been informed, and, upon this information, allege that members of the crew of one or more of defendant's trains, then in the yards at Grapeland, found deceased lying alongside one of the tracks running through Grapeland, and removed him to the passenger-station maintained by defendant in Grapeland, and summoned medical aid. Plaintiffs know of no person who saw deceased prior to the time he was removed to such station, other than the agents, servants, and employees of defendant, and do not know their names. When deceased was first seen in such station, he was unconscious with the side of his face, neck, chest, arm, shoulder, and leg cruelly lacerated, torn, broken, and bruised. On the recommendation of the aiding physician, defendant's agents, servants and employees placed deceased on board of a passenger-train passing Grapeland shortly thereafter, and transported him to a hos-

pital in Anderson County, Texas, where he died on or about January 21, 1947."

The appellee, as defendant below, filed these special exceptions, in answer to such declaration, to-wit:

"These defendants except to the plaintiffs' original petition and to all of the allegations contained therein for the reason that said allegations are insufficient in law to state a cause-of-action against these defendants, or either of them, for the following reasons:

"(a) The plaintiffs' petition contains no allegation as to the cause of the fatal injury sustained by William O. Bonner, deceased:

"(b) The plaintiffs' petition contains no allegation that these defendants, or any agent, servant, or employee, of theirs, acting in the course and scope of his employment, was guilty of any acts, or omissions, which proximately caused the fatal injuries of the said William O. Bonner, and the damages alleged to have been sustained by the plaintiffs;

"(c) The plaintiffs' petition contains no allegation showing, or tending to show, that these defendants, or any agent, servant, or employee, of either of the defendants, acting in the course or scope of his employment, was guilty of any act or omission of negligence proximately causing the fatal injury sustained by the said William O. Bonner, and the damages alleged to have been sustained by the plaintiffs."

The trial court sustained the exceptions, and, on the consequent refusal of appellants to amend their pleadings, dismissed the suit.

In this Court appellants, after forthrightly declaring that: "The disposition of this appeal turns solely upon the question of the applicability of the res ipsa loquitur doctrine," limit their points of error to the one contention that such doctrine did apply.

After hearing oral and written arguments upon the question, this Court concludes that the trial court was correct, and affirms its judgment.

■ It seems clear from a careful reading that the quoted averments failed to meet the requirements of the rule of evidence so invoked, in at least these particulars as enumerated by the appellee, to-wit:

"(1) There is a total failure to even allege the essential elements for the application of the res ipsa loquitur rule;

"(2) The plaintiffs allege a state of facts, which negative the applicability of the res ipsa loquitur rule, because that rule does not apply when—

"(a) The pleading (or evidence) fails to show circumstances surrounding the injury rendering it more probable that the injury was due to negligence of the defendant than otherwise;

"(b) The pleading (or evidence) shows a reasonable probability that the injury may have resulted from some negligent act of the plaintiff, or some cause other than the negligence of the defendant." See these authorities: 35 Tex.Jur., Railroads, Sec. 363, page 550; Gulf, C. & S. F. R. Co. v. Shieder, 88 Tex. 152, 30 S.W. 902, 28 L.R.A. 538, affirming Tex.Civ.App., 26 S.W. 509; Missouri Pac. R. Co. v. Porter, 73 Tex. 304, 11 S.W. 324; Gulf, C. & S. F. R. Co. v. Riordan, Tex.Civ.App., 22 S.W. 519, error dismissed, 85 Tex. 511, 22 S.W. 514; Id., 86 Tex. 233, 24 S.W. 393; Tucker v. International & G. N. R. Co., Tex.Civ.App., 67 S.W. 914 (writ of error refused); 30 Tex.Jur., Negligence, Sec. 131, p. 805; Alley v. Texas, etc. Co., Tex.Civ.App., 134 S.W.2d 762, 767 (Syl. 1); Texas & P. Coal Co. v. Kowsikowsiki, 103 Tex. 173, 125 S.W. 3, 4; Davis v. Castile, Tex.Com.App., 257 S.W. 870, 871; St. Louis, S. F. & T. Ry. Co. v. Cason, 59 Tex.Civ.App. 323, 129 S.W. 394, 398; 38 Amer.Jur., Sec. 296, p. 992; Hernandez v. Texas & N. O. R. Co., Tex.Civ.App., 124 S.W.2d 188; Hawthorne v. Texas & N. O. R. Co., Tex.Civ.App., 84 S.W.2d 1015; Herndon v. Gregory, 1935, 190 Ark. 702, 81 S.W.2d 849, 82 S.W.2d 244.

In other words, it is, without extended discussion, held that the appellants' quoted petition falls directly within the well-established holdings that the rule of res ipsa loquitur does not apply, for these outstanding reasons:

First: The circumstances surrounding the injury, as alleged, do not render it more probable that the injury was due to

negligence of the defendant than otherwise;

Second: The surrounding facts and circumstances, as alleged, failed to negative the reasonable probability that the injury resulted from some cause other than negligence of the defendant.

These conclusions require an affirmance of the judgment. It will be so ordered.

Affirmed.