KIMMEY

v.

GENERAL MOTORS CORP. et al.

No. 12602.

Court of Civil Appeals of Texas. Galveston.

Oct. 15, 1953.

Rehearing Denied Dec. 10, 1953.

George Red and K. D. Keenan, Houston, for appellant.

Fulbright, Crooker, Freeman & Bates, Walter E. Babel, Jr., for appellee General Motors Corp.

Gaius G. Gannon and James G. Sargent, Houston, for appellee McMillan Chevrolet Co.

GRAVES, Justice.

This appeal is from a judgment of the 61st District Court of Harris County, Honorable Ben F. Wilson presiding, directing a jury to return a verdict therein in favor of the appellees, General Motors Corporation and the McMillan Chevrolet Company, and against the appellant, D. A. Kimmey, in his suit against them for the recovery of the purchase price of a 1950 Chevrolet automobile, manufactured by the appellee, General Motors Corporation, and sold by the appellee, McMillan Chevrolet Company, to appellant on December 7, 1950.

Appellant alleged that the appellees had made him the implied representation that the automobile was a new one, in good condition, and fit for the use for which it had been so sold, and that, without fault upon his part, it had been totally destroyed by fire on the next day after his purchase thereof, which had resulted from an inherent defect therein at the time it was so sold to him.

In this Court appellant, through a number of assignments, contends that he had proved upon the trial below, to use his own language, "Said automobile was destroyed by fire less than twenty-four hours after it was in appellant's possession. Appellant proved upon the trial of this cause that said automobile was in a defective condition at all times while in his possession. Appellant also proved that this automobile was handled with ordinary care, considering its condition, at all times while in his possession."

None of the presentments so relied upon can be sustained, it is determined.

In the first place, as his briefs make specifically plain, the appellant relied for the substantiation of his cause below upon the application thereto, as he specifically asserts, of the rule of evidence characterized as, "The doctrine of res ipsa loquitur."

The reaches of that doctrine have now become so embodied in and made a part of our Texas jurisprudence that, in cases where it is factually and otherwise legitimately involved, it is widely and authoritatively applied.

A sort of symposium of such holdings, a number of which are cited by one or the other of the parties hereto, is as follows: Bonner v. Texas Co., 5 Cir., 89 F.2d 291; Bonner v. Thompson, Tex.Civ.App., 205 S. W.2d 610; Carothers v. Olshan, Tex.Civ. App., 198 S.W.2d 941; Davis v. Castile, Tex.Com.App., 257 S.W. 870; Emmons v. Texas & P. R. Co., Tex.Civ.App., 149 S.W. 2d 167; Hankins v. Coca Cola Bottling Co., Tex., 249 S.W.2d 1008; Honea v. Coca Cola Bottling Co., 143 Tex. 272, 183 S.W.2d 968; McBride v. Paluxy Asphalt Co., Tex. Civ.App., 164 S.W.2d 32; Texas & P. Coal Co. v. Kowsikowsiki, 103 Tex. 173, 125 S. W. 3; and Ward v. Wallace, Tex.Civ.App., 175 S.W.2d 611.

Of such cases, the appellant cites and relies more upon Honea v. Coca Cola Bottling Co., supra, than any other, but, contending that, under it he was at least entitled to have the question, "of whether or not the defective construction constituted negligence submitted to the jury."

This Court is unable to see eye to eye with any of appellant's contentions; upon the contrary, it is held that the trial court

committed no error in having so peremptorily instructed the jury against him.

Appellant sued both the manufacturer and the distributor of the automobile involved, alleging: "The defendants and each of them did make the implied representation that such automobile was new and in good condition and fit for the use for which automobiles are intended * * * the defendant, General Motors Corporation, did hold out and represent by means of advertising that said automobile and all of their automobiles that are sold are in good operating condition, free from defects, and vices and fit for the general use to which automobiles are generally put."

With all due deference to the appellant, it conclusively appears upon the face of this record that this cause is not one of the sort he so cites and relies upon, especially not in the same class with the Honea case, supra, he contends "is directly in point." The material facts upon that feature are these:

The automobile had been purchased by the appellant the day before the fire occurred. It had been driven by him from LaPorte, Texas, where he purchased it, to his home in Houston, and, the next day, it was driven to the Shell Refinery, where the gasoline tank was filled with gasoline; then around town for a time, while he shopped, went to the grocery store, bank, etc.

It is inferable that, meanwhile, the automobile was left unattended.

There is no showing that, during that period, the automobile was not tampered with by parties other than these appellees.

Appellant states that, during that time, his wife may have driven the car.

He then drove it from Houston to Jasper, Texas, approximately 200 miles, and parked it in the driveway of his father-in-law's home there.

Some 15 minutes later, he decided to put the balance of the gasoline, which was in the can in the trunk of the auto, into the tank of the auto. In the process of pouring the gasoline into the tank, the fire occurred, and the automobile was damaged.

■ At the time of the fire, the appellant was alone. The automobile, the premises, on which it was parked, and the can which was used, and which contained the gasoline, were all within the control of the appellant, and neither of these appellees had any possession, management, or control, of any of the instrumentalities involved in the fire.

■ In order for the doctrine of res ipsa loquitur to be applicable, it must be shown that the thing which causes the injury is under the exclusive control, or management, of the party sought to be held liable. Texas & P. Coal Co. v. Kowsikowsiki, supra; Davis v. Castile, supra; Bonner v. Thompson, supra, writ refused; Ward v. Wallace, Tex.Civ.App., 175 S.W.2d 611, writ refused; and Emmons v. Texas & P. R. Co., Tex. Civ.App., 149 S.W.2d 167, error dismissed, judgment correct.

■ It is not deemed needful that appellant's contention that the record showed that the automobile so destroyed had been sold to him with warranties, expressed or implied, upon the part of one or both of the appellees, be discussed. This, for the reason that, while he alleged, at least an implied warranty of the car so destroyed, upon the part of one or both of the appellees, he offered no proof against either of the appellees as to any warranties, expressed or implied; wherefore, the court could have done nothing else than so instruct the verdict upon that question adversely to him; Elmberg Co. v. Dunlap Hardware Co., Tex.Com.App., 267 S.W. 258; J. I. Case Threshing Mach. Co. v. Manes, Tex.Com.App., 254 S.W. 929; 37 Tex.Jur., Sales, Secs. 65, 83, and 122.

Without further discussion, the judgment will be affirmed.

Affirmed.