Howard L. HAAS, Appellant,

v.

CARRIER CORPORATION, a Corporation, Appellee.

No. 13610.

Court of Civil Appeals of Texas.

Houston.

Oct. 20, 1960.

Rehearing Denied Nov. 10, 1960.

Red, Kemp & Fahey, Pat N. Fahey, Houston, for appellant.

Vinson, Elkins, Weems & Searls, Judson R. Wood, Houston, for appellee.

BELL, Chief Justice.

This is an appeal from the judgment of the trial court favorable to appellee rendered in response to appellee's motion for summary judgment.

Appellant sued appellee, Ralph Chiles and V. L. Mullins for damages resulting when his home in Pasadena was damaged by fire on February 21, 1958. Appellant alleges that the fire resulted from a Bryant heating unit, manufactured by appellee, having become overheated. The allegations are that appellant contracted with Chiles to build him a new home; that included in the contract was to be the installation of a Bryant heating unit with an attached 5-ton air conditioning unit; that the damage resulted from some fault, deficiency or defect in the material used by appellee in manufacturing the unit and/or in some lack of good workmanship; and that the manufacturing of the unit was under the management, control and supervision of appellee. It is then alleged that the unit as generally manufactured was a safe appliance, but if it is constructed of faulty material or in an unworkmanlike manner it is in use dangerous to life and property. Then appellant says that because of the destructiveness of the fire he is unable to allege more particularly the defect in the material used or in the workmanship that caused the unit to catch fire and burn up. Appellant says Mullins, who was a subcontractor under Chiles, properly installed the unit; that neither appellant nor Mullins nor any other person had tampered with the unit following installation; that except for the faulty material and/or poor workmanship the unit would not have caught fire. Appellant then specifically notes he is relying on the doctrine of res ipsa loquitur.

Liability against Chiles is predicated on negligence in installing a defective unit. Liability against Mullins is predicated on his negligence in not timely coming to see about the unit after he was notified it was overheating and agreed to come to check it.

Appellee filed its motion for summary judgment, contending there was no genuine issue of fact and that under the facts as reflected by allegations in the pleadings and the depositions on file it was entitled to judgment. In the motion appellee asked that the cause as against it be severed from the cause as against Chiles and Mullins. The Court severed the cause as against appellee and rendered judgment in its favor.

The only evidence offered by either party was some of the testimony of Mr. and Mrs. Haas given by way of deposition. We will not quote their testimony but will merely give its substance insofar as material. Appellant and family moved into the new home about October 12, 1956. The furnishing and installation of the heating and air conditioning unit were included in the contract for the home. It was installed by Precision Heating and Ventilating Co. (V. L. Mullins). Appellant chose the Bryant Unit. The unit was thermostatically controlled. It was set on automatic. The unit was installed in the attic. It had a pilot light that was on all the time. Prior to the fire in February, 1958, no trouble at all was experienced with the unit. It never overheated and worked very satisfactorily. The heating unit was used from October, 1956, through the winter season of 1956–1957 and the winter season of 1957 until February 21, 1958. No one had ever been called about the way the unit was operating. So far as he knew the unit was functioning properly.

After the fire the insurance adjuster looked at the unit but it was so badly burned no one could tell what had happened. The unit was not dismantled so far as he knew. Appellant did not know what went wrong with the unit. There was some indication of an explosion, but it might have just been metal warped by the heat.

Mrs. Haas testified to the same effect.

The position of appellant is that summary judgment was not proper because while the testimony of Mr. and Mrs. Haas shows they did not know what caused the unit to overheat and that the unit had worked satisfactorily until the day of the fire, appellant had pled that the manufacture of the unit was by appellee and that it had been properly installed by Mullins and had not been tampered with by anyone after installation. He reasons there is nothing in evidence refuting that it was properly installed and had not been tampered with and if he on trial proved these facts the jury could infer there must have been negligent use of materials or bad workmanship in the manufacture of the unit. He thus seeks to apply the doctrine of res ipsa loquitur.

Appellee says the court acted correctly because there is no proof that a defect in materials or poor workmanship caused the unit to overheat and the unit was not at the time the fire occurred under the control of appellee.

■ Of course, on motion for summary judgment, judgment should not be rendered if there is a dispute as to the existence of a legally material fact, or, though the evidence might not be in dispute, reasonable persons might draw different inferences from the evidence as to the existence of a legally material fact. Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929; Archer v. Skelly Oil Co., Tex.Civ.App., 314 S.W.2d 655 n.r.e.

Here appellant says there is no denial that the unit was, as he alleges, properly installed and it had not been tampered with after its installation. If these facts are established on trial, the inference may reasonably be drawn that the unit must have been manufactured from faulty material or there was poor workmanship in its manufacture because normally when such a unit is properly built of proper materials it does not overheat and catch fire. He frankly relies on the case of Honea v. Coca Cola Bottling Co., 143 Tex. 272, 183 S.W.2d 968, 160 A.L.R. 1445. He must do this because he recognizes the heating unit was not within the control of appellee when the fire occurred. He contends, however, that this case does not require control by a defendant at the time of the occurrence of the event causing the damage if he can negative the existence of any negligence intervening between the event and the building of the unit.

In the Honea case the defendant had delivered a case of Coca Cola to the grocery store where the plaintiff worked. Within five or ten minutes after such delivery the plaintiff had to move two of the cases. In moving the case he caught in his hand two of the bottles, squeezed the tops together and lifted the case. As he was doing so, a bottle exploded cutting plaintiff severely. For recovery plaintiff relied on the rule of res ipsa loquitur. The trial court excluded evidence going to show this was a proper way to handle the Coca Cola. The Supreme Court held the doctrine of res ipsa loquitur to be applicable where the plaintiff showed he was acting properly at the time and the merchandise inflicting the injury had undergone no change after it left the defendant's hands.

A Court of Civil Appeals had held the same in the case of Benkendorfer v. Garrett, 143 S.W.2d 1020, writ dism., correct judgment.

■ One of the requirements generally imposed before this doctrine is applicable is that the instrumentality causing the injury be under the control of the defendant when the injury is inflicted. Wichita Falls Traction Company v. Elliott, Tex.Com.App., 125 Tex. 248, 81 S.W.2d 659.

In the Benkendorfer and Honea cases, however, the court in each instance said:

"There are however fundamental factors which differentiate cases 'involving merchandise inflicting injury upon first or prior to being put to its intended use, especially food and drink intended for human consumption, marketed in sealed containers,' * * * from other cases in which the doctrine is sought to be applied. In such cases, it is not necessary that the instrumentality causing the injury be within the physical control of the person sought to be held liable under the doctrine." [143 S.W.2d 1022.]

The court then said in such cases it is only necessary that the instrument be under the control of the defendant at the time of the negligent act causing the injury.

We have been cited no case in which the rule of the Honea and Benkendorfer cases has been applied to situations such as we have here, but the cases cited, and which we have read, apply it in situations involving injury from food and drink intended for human consumption that is marketed in sealed containers where the injury was prior to or immediately upon first use. While these cases did not actually so restrict the application of the doctrine, they both strongly intimate the application of the doctrine is so restricted. See also Tayer v. York Ice Machinery Corporation, 342 Mo. 912, 119 S.W.2d 240, 117 A.L.R. 1414.

■ We will not extend the doctrine to the situation here presented. See Kimmey v. General Motors Corporation, Tex.Civ. App., 262 S.W.2d 530.

Even, however, if the doctrine should be held applicable, it could not be successfully applied to the facts here presented because injury did not occur on first use. The unit had been operating satisfactorily through one full winter season and for at least four months of another winter season.

For at least fourteen months it had been out of the control of appellee and under the control of appellant. Actually there is no accounting for what might have happened from the time it left appellee's hands until it was installed by Mullins.

Therefore, even if the facts alleged by appellant had been established showing the machine was properly installed and no one had tampered with it since installation, appellant would not have proven a cause of action against appellee. The Court did not err in rendering judgment for appellee.

The judgment of the Trial Court is affirmed.